## JOHN BIGLIBEN v. STATE.

### No. 1987.  Decided December 11, 1912.

**1.—Rape—Evidence—Moral Turpitude—Credibility of Witness.**

Where, upon trial of rape upon a female under the age of consent, the prosecutrix testified in her examination in chief to a certain act of carnal intercourse with defendant and that this was the first instance of such intercourse, it was reversible error not to permit the defendant to show that the prosecutrix before such date had indiscriminate carnal intercourse with different men; for the purpose of affecting her credibility; and this, although the State had been permitted to withdraw her testimony as to the first act of intercourse.

**2.—Same—Evidence—Rule Stated.**

Where, upon trial of rape, the court correctly refused to permit the defendant to prove other individual acts of intercourse by prosecutrix with others than defendant, yet where the defendant offered to show that the prosecutrix had been an inmate of a house of prostitution and had promiscous carnal intercourse with different men prior to the alleged act of intercourse, such testimony was admissible to affect her credibility, she being under the age of consent.

**3.—Same—Evidence—Age of Prosecutrix—Bible.**

Where, upon trial of rape upon a female under age of consent, the age of the prosecutrix was sharply contested, it was error to admit in evidence the testimony of the prosecutrix that her birth was entered by her father in the family Bible in his handwriting; the record disclosing that her father was still living and was in attendance on court, and no testimony being offered as to when such entry was made.

**4.—Same—Bills of Exception.**

Where, upon appeal from a conviction of rape, the bill of exceptions did not show what the answers would have been to the questions objected to, the same cannot be considered.

Appeal from the District Court of Nueces.  Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Pope & Taylor* and *H. R. Sutherland*, for appellant.—On question of introducing testimony as to age of prosecutrix: Johnson v. State, 59 S. W. Rep., 898; Curry v. State, 50 Tex. Crim. Rep., 158, 94 S. W. Rep., 1058; Vaughn v. State, 62 Tex. Crim. Rep., 24, 136 S. W. Rep., 476; Rowan v. State, 57 Tex. Crim. Rep., 625, 124 S. W. Rep., 668; Smith v. Greer, 30 S. W. Rep., 1108; Campbell v. Wilson, 23 Texas, 253; People v. Mayne, 118 Cal., 516; Leggett v. Boyd, 3 Wend. (N. Y.), 377; Mima Queen v. Hepburn, 7 Cranch., 290; Taylor on Evidence, 9 ed. 641.

On question of contradicting credibility of witness by showing a want of chastity of prosecutrix: Freeman v. State, 52 Tex. Crim. Rep., 500, 107 S. W. Rep., 1127.

*C. E. Lane*, Assistant Attorney-General, for the State.—On question of age of prosecutrix: Curry v. State, 50 Texas Crim. Rep., 158; Knowles v. State, 44 id., 322.

HARPER, JUDGE.—Appellant was prosecuted and convicted of rape on Maud Elaine Sargent, a girl alleged to have been under fifteen years of age, and his punishment assessed at five years confinement in the penitentiary.

In this case it is shown by several bills of exception that the prosecuting witness, Miss Maud Sargent, testified to an act of intercourse with appellant on 25th day of December, 1910, and that appellant while cross-examining her asked several question, and she answered as stated, the questions and answers being: "Q. You told Mrs. Thomas how you happened to do wrong in the first instance? Did you tell her that? A. Yes, sir. Q. That you told Mrs. Thomas that the first time that you had carnal intercourse with a person was with this defendant? A. Yes, sir. Q. Was that true? A. Yes, sir. Q. How came you to tell Mrs. Thomas? A. Because she asked me how I came—how it was that I came to have to go to such a place as the rescue home. Q. How came you to have to go to such a place as the rescue home, and you told her of this one particular act of intercourse, was that it? A. I told her how I came to make the mistake the first time, yes, sir. Q. Did you state to Mrs. Thomas that the first time that you had carnal intercourse with a person was with this defendant? A. Yes, sir. Q. Was that true? A. Yes, sir."

Several question along this line were asked the witness by appellant's counsel, and he then asked her, "Do you know if you swear a lie you can be sent to the penitentiary?" and she answered that she did, when the question was asked: "Now, do you mean to swear that on the 25th day of December, 1910, was the first time you ever had carnal intercourse with any man?" when the district attorney objected on the ground that same was immaterial and irrelevant, which objection was sustained by the court. Appellant's counsel stated to the court that the witnes had testified to an act of intercourse with the defendant on December 25, 1910, and had said this was the first act of intercourse she ever had with any man, and he was asking these questions with the purpose and expectation of proving that prior to December 25, 1910, she had visited houses of prostitution belonging to Ida Mitchell, Hannah Brandt, and Ida Murray, and while in those houses she had had intercourse with a dozen different men, naming them, all prior to December 25, 1910, when the State's counsel moved the court to exclude that portion of the witness' testimony in which she stated this was the first act of intercourse, and that she had so told Mrs. Thomas, which motion was by the court sustained. Appellant when offering his testimony, tendered testimony to show that the prosecuting witness had been an inmate of these three houses of prostitution, and while in those houses had submitted to acts of intercourse with Will Lingen-

feldt and twenty-four others, naming each of them, all prior to the time she stated she had had this act of intercourse with appellant. The court refused to permit appellant to ask her if she had had intercourse with these men or either of them in these houses of prostitution prior to December 25th, and refused to permit the defendant to offer any proof that she had been an inmate of these houses prior to that time, or had had intercourse with these men, on the ground that he had stricken from the record all testimony that would show that the act of intercourse with appellant was the first act of intercourse. Appellant in a number of bills excepted to the action of the court in striking this tetstimony from the record, and in excluding this testimony, specially excepting on the ground that while the court had stricken from the record the testimony of the witness that this was the first act of intercourse, yet the court had permitted to remain in the record as evidence before the jury the testimony that at the time of this intercourse "she bled and it pained her, and that she almost fainted at the time." In this case the prosecuting witness testifies positively to the act of intercourse with appellant on December 25th, while appellant positively denies having had intercourse with her on that date, or at any other time. Of course, if the prosecuting witness was under fifteen years of age, it would be immaterial whether or not she had had intercourse with any other man, for if appellant had intercourse with her he would be guilty under the statute, yet if a witness has become so morally depraved as to become an inmate of a public house of prostitution, and offers her body for sale publicly, we think testimony showing that fact ought to be admitted as affecting her credit as a witness in this character of case. And when the defendant offered testimony that prior to the time she says she had this act of intercourse with appellant, she was an inmate of a house of prostitution in Corpus Christi, receiving men and selling her person to them, this conduct showed such a depraved state of morals as to render such testimony admissible. We have always held that when a person has been charged with or convicted of any offense which would involve moral turpitude, it may be shown to affect their credit. In this case a girl claiming to be under fifteen years of age, says she has an act of intercourse with a certain man; he denies it, and offers to show as affecting her credit as a witness, that she was an inmate of a house of prostitution immediately prior to that alleged act, and he ought to have been permitted to introduce evidence of that fact, the court, of course, instructing the jury the purpose for which said testimony was admitted. Of course, it is not intended to hold that other isolated acts of intercourse may be shown as affecting her credit, or for any other purpose,—but is only where by her whole conduct and course in life she manifests that low state of morals which would place her in the category of what is known as a common prostitute, that it becomes admissible. (McGrath v. State, 35 Texas Crim. Rep., 413.) The court did not err in refusing to permit appellant to prove individual acts of intercourse, and if her testimony

that the intercourse with appellant was the first act had not been stricken from the record, it would not have been permissible to impeach her on that point, as he had drawn it out on cross-examination, and it would be impeachment upon an issue that would furnish no defense, yet the fact that she was an inmate of a house of prostitution ought to have been admitted.

Another sharply contested issue in the case was the age of the prosecuting witness. She testified she would become fifteen years old on January 11th, seventeen days after the date on which she says the offense was committed. The defendant offered proof that she had told a number of people that she was sixteen years of age at that time, and her appearance, etc., appears proven in the record. In rebuttal the State introduced in evidence what the prosecuting witness says was the family bible with the date of her birth entered therein, as she says, in her father's handwriting. The record discloses that her father was living, and in attendance on court, and the witness says she does not know when the entry was made by her father. When an entry of date of birth is made in a family bible, at or about the time of birth, and this fact is proven, it is admissible to thus show the date of birth. But when the father is living and in attending on court, and the entry is shown to be in his handwriting, and no testimony is offered as to when he made the entry in the bible, it should not be admitted, but if it is desired to prove the fact, let him be called, or some witness called who can testify that the entry was made contemporaneous with the event. An entry of this character shown to have been made at or about the date of birth, is, if anything, stronger evidence than one's memory.

There are a number of other questions presented, but we deem it unnecessary to discuss them. Those bills which attempt to complain of the failure to permit them to show that the prosecuting witness and her father attempted to blackmail several people by stating if they would pay so much money, prosecutrix and her father would leave the country, otherwise prosecutions would be instituted, are not in condition we can review them, for while the questions propounded are shown, the answers to the questions are not stated, nor is it stated what could have been proven.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*