### KATE WILSON v. THE STATE.

No. 2673.   Decided October 22, 1913.

Rehearing denied November 26, 1913.

**1.—Theft From the Person—Indictment—Value.**

An indictment charging the offense of theft from the person which alleged that one purse containing money and checks, the corporeal personal property of the alleged owner, was stolen, it was not necessary to further describe the

property or to allege the value thereof. Following Sims v. State, 64 Texas Crim. Rep., 435, and other cases.

**2.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not show what the testimony was that the defendant claimed was excluded, the same could not be considered on appeal.

**3.—Same—Evidence—Prostitute.**

Upon trial of theft from the person, there was no error in permitting the State to ask the defendant, on cross-examination, if she was not a prostitute, which she answered in the negative.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft from the person, the evidence was sufficient to sustain a conviction under a proper charge of the court, there was no error.

Appeal from the District Court of Austin. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. J. Hill*, for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The appellant was indicted for the offense of theft from the person, convicted and her punishment fixed at the lowest prescribed by law.

The indictment charges that she thus stole from Henry Thelen "corporeal personal property then and there belonging to the said Henry Thelen, towit: one purse containing money and checks." The appellant, by motion in arrest of judgment, claimed that said description of the stolen property was insufficient, and that there was no allegation of the value of the stolen property. These questions have so many times been fully discussed and decided adversely to appellant we deem it unnecessary to further discuss them or cite all of the authorities. But see Sims v. State, 64 Texas Crim. Rep., 435, 142 S. W. Rep., 572, and cases therein cited; and Ferrell v. State, 152 S. W. Rep., 901.

By such an imperfect bill of exceptions as does not require this court to consider it, appellant, it seems, undertook to prove by the prosecuting witness what he told the deputy sheriff of the details of having sexual intercourse with the appellant and to the officer making him hush because his family was there when he was telling these details. The bill shows no error. Besides the bill in no way shows what the testimony was that he claims was excluded. The court in approving the bill states that the witness was permitted to testify as to his drunken condition.

By a like insufficient bill appellant attempts to complain that the State, over her objection, was permitted to ask the appellant on her cross-examination in effect if she was not a prostitute. She answered

that she was not. The fact, if so, can always be drawn out by cross-examination of a witness that she is a prostitute. (McCrary v. State, 38 Texas Crim. Rep., 609; McGrath v. State, 35 Texas Crim. Rep., 413; Hall v. State, 43 Texas Crim. Rep., 479; Bigliben v. State, 151 S. W. Rep., 1044; Bird v. State, 66 Texas Crim. Rep., 611, 148 S. W. Rep., 738; 3 Enc. of Ev., 759; Wilbur v. Flood, 16 Mich., 40.) Besides the witness having testified denying that she was a prostitute, no reversible error is shown. Sweeney v. State, 65 Texas Crim. Rep., 593, 146 S. W. Rep., 883.

Appellant asked a peremptory instruction to find her not guilty because the evidence was insufficient to sustain a verdict, and also urges that the evidence is insufficient to do so. It would serve no useful purpose to detail the evidence. We have carefully considered it and in our opinion it is sufficient to sustain the verdict and to show appellant guilty as alleged in the indictment.

The court gave a full and correct charge, submitting the issues properly to the jury. There being no reversible error, the judgment will be affirmed.

*Affirmed.*