## ROY VANN V. THE STATE.

·No. 4764.   Decided June 19, 1918.

**1.—Procuring—Sufficiency of the Evidence—Conflict of Testimony.**

Where, upon trial of procuring, under article 498, P. C., the evidence was sufficient, although conflicting, there was no reversible error.

**2.—Same—Bill of Exceptions—Rule Stated.**

The legal presumption is that the ruling of the trial court was correct, unless the bill of exceptions shows otherwise.

**3.—Same—Bill of Exceptions—Rule Stated.**

A bill of exceptions should be made so full and certain in its statements as that, in and of itself it will disclose all that is necessary to manifest the supposed error; and where the bills of exception were wholly insufficient under the authorities to authorize or require their consideration, there was no reversible error; besides, if they could be considered, in the light of the whole record, none of them present reversible error.

**4.—Same—Date of Offense—Limitation.**

Where the time proved as to the date of offense was prior to the finding of the indictment, but within the period of limitation, although it was not the date alleged in the indictment, there was no reversible error in admitting such proof.

**5.—Same—Evidence—Bill of Exceptions.**

If the court could look to the statement of facts it would find that it contained the testimony in question substantially as appellant claimed the witness would testify; besides, the bill of exceptions was defective.

**6.—Same—Bill of Exceptions.**

Where it could not be discovered from the bill of exceptions whether any of the defendant's objections were well taken, the same could not be considered on appeal.

**7.—Same—Evidence—Cross-examination—Bill of Exceptions.**

If the court could look to the statement of facts it would show a proper cross-examination of the witness; besides, the bill of exceptions was defective. Following McGrath v. State, 35 Texas Crim. Rep., 413, and other cases.

Appeal from the County Court at Law No. 1 of Harris.   Tried below before the Hon. W. E. Monteith.

Appeal from·a conviction of procuring; penalty, a fine of two hundred dollars and six months confinement in the county jail.

The opinion states the case.

*Heidingsfelders,* for appellant.—On question of insufficiency of evidence:   Tollett v. State, 44 Texas, 95; Newberry v. State, 32 Texas Crim. Rep., 145; Mason v. State, 29 Texas Crim. App., 24.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of procuring under article 498, P. C., and his punishment assessed at the highest prescribed by law.

The evidence by the State's witness, which was more or less supported by the testimony of others, clearly and distinctly established the offense against appellant. On the other hand, the evidence by the appellant, which was also supported and corroborated by the testimony of other of his witnesses, was clearly sufficient, if believed, to have authorized the jury to acquit him. It was peculiarly a question of fact to be settled by the jury and the lower court. They believed the State's witness and testimony and disbelieved that of appellant and his witnesses. The law makes the jury the exclusive judges in such matters. This court can not disturb the verdict.

These two propositions are laid in 1 Branch's Ann. P. C., pages 131-132, and are unquestionably established by the many decisions of this court, some of which are cited by Mr. Branch, towit:

"The legal presumption is that the ruling of the trial court was correct, unless the bill of exceptions shows otherwise."

"A bill of exceptions should be made so full and certain in its statements as that in and of itself it will disclose all that is necessary to manifest the supposed error."

Appellant has some bills, the consideration of which is objected to by the State because in and of themselves they are wholly insufficient under the authorities to authorize or require their consideration. The State's contention is correct. However, if they could be considered, in the light of the whole record none of them present reversible error.

The questions attempted to be raised by them will be stated.

The indictment herein was returned by the grand jury April 23, 1917. It charged the offense to have been committed on December 24, 1916. The State's witness testified that the facts constituting the offense occurred on December 24, 1915. Appellant objected to the proof that the facts occurred on December 25, 1915, instead of 1916, claiming that because the indictment alleged the prior date the proof had to be confined thereto. The court in approving the bill explained that the State's witness on the examining trial had given the correct date as that of 1915, and that when this case was first set for trial at a time prior to the time of trial, that Mr. Branch, assistant district attorney, had stated to the counsel for appellant that his stenographer by mistake had inserted the date 1916 instead of that of 1915, in the indictment, and that the State was expecting to prove on the trial that the offense occurred in 1915 and not in 1916. The court's ruling in the admission of the testimony was correct as has all the time been held by this court. The time alleged was prior to the indictment and within the period of limitation. Section 439, 1 Branch's Ann. P. C., and cases there cited, and many other cases which could be cited. In every one of appellant's bills his objections were mere objections. The court in no instance approved them as a fact. He merely approved the bill to the effect that such objections were made and nothing more.

In his next bill it is alleged that when Dr. Brown was on the stand as a witness in his behalf and had testified that he was a graduate of a

medical college and had twelve years experience, he was asked this question: Q. "From your experience as a physician, you having testified that you saw, professionally called on Frankie Van on the morning of December 25, 1915, from the condition that you found her in on that morning, it being your first visit to her, and from the history of her case and illness she gave you, could you state whether or not she had been sick or suffering any time before that date?" The bill claims that the State objected to this and that he would have testified: "I would state she had been sick some two or three days prior to my first visit to her on the 25th day of December, 1915." It will be seen by this, that from the bill it can not be ascertained whether this testimony was admissible or not. The bill is wholly insufficient to show that it was inadmissible. In explanation of the bill the court states that he suggested to appellant's attorney to ask a hypothetical question based on the testimony, but counsel insisted on this question. He states: "The witness did testify without objection that from his experience as a physician and the way she complained it must have been two or three days getting in the shape she was in when he visited her." If we could look to the statement of facts we would find that it contained the testimony of Dr. Brown substantially as stated by the court and substantially as appellant claimed he would testify. In no contingency does this bill show any error.

His next bill alleges that when Dr. Brown was on the stand as a witness for him, and he having testified that on Christmas morning, 1915, he visited Frankie Van for the first time and that she was sick in bed, the State, on cross-examination of him, asked him this question: "I will ask you, doctor, if on the night before Christmas, you not having seen her before Christmas day, suppose a young healthy fellow from the country had intercourse with her, and stayed all night with her, would that not have produced the condition that you found her in?" Appellant objected to this question as being irrelevant, immaterial and a question based on matters not in evidence, calls for a conclusion of the witness improper and highly prejudicial. Of course, from this bill it can not be told that any of his objections were good. Nothing further is stated in the bill than as given above. He did not object to the answer of the witness, which was this: "It might have." So that this bill shows no error.

His next bill is just as insufficient as the others above noted in that it is alleged that when the witness Frankie Van was on the stand for him, and having testified that appellant did not bring the State's witness to her and that she never had intercourse with him, the State asked her on cross-examination this question: "You have had intercourse with men, haven't you, Frankie?" To which he objected as irrelevant and immaterial, has no bearing on the guilt or innocence of the defendant, and is an attempt to impeach said witness on the immaterial matter, and an attempt to bring her character in issue, all to the detriment and prejudice of the defendant. No objection was made to her

answer, which was this: "Yes, I have my friends as well as you have yours, I guess, Mr. Crooker." This bill presents no error. The question asked was on cross-examination of this witness and if we could look to the whole record it would show that it was proper cross-examination of her under the circumstances of this case. McGrath v. State, 35 Texas Crim. Rep., 413; McCray v. State, 38 Texas Crim. Rep., 609; Carter v. State, 45 Texas Crim. Rep., 430; Wilson v. State, 71 Texas Crim. Rep., 426.

The judgment is affirmed.

*Affirmed.*