BUD STAFFORD V. THE STATE.

No. 9706.   Delivered May 19, 1926.

Rehearing denied State June 23, 1926.

**1.—Rape—Evidence—Of Other Acts by Prosecutrix—When Admissible.**

Where, on a trial for rape, the state having proved by the mother of prosecutrix that the health of her daughter had been seriously impaired by the carnal assault and had also proven by prosecutrix that appellant had penetrated her private parts, causing her great pain, it was error to exclude the testimony of many witnesses that they had all had sexual intercourse with prosecutrix prior to the alleged assault by appellant. Where the testimony sheds light on an important issue in the case, evidence of other acts may be proven.   See Calhoun v. State, 214 S. W. 339; Lusty v. State, 261 S. W. 775, and Bigliben v. State, 151 S. W. 1044.

ON REHEARING BY STATE.

**2.—Same—Other Acts of Intercourse—Properly Admitted.**

Where the physical condition of prosecutrix is relied upon as corroboration of her claim that she was assaulted by the accused, or when such testimony tends to solve any other issue in the case, it is permissible to prove acts of intercourse with other persons prior to the date of the commission of the offense under investigation, and the state's motion for rehearing is overruled.   See authorities cited by Mr. Branch under Sec. 1787 of his Ann. P. C.

Appeal from the District Court of Hood County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of rape, penalty fifteen years in the penitentiary.

The opinion states the case.

*Chandler & Pannill, Oxford & Oxford* of Stephenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is rape, and the punishment is fifteen years in the penitentiary.

The prosecuting witness testified in substance that the appellant took her and another woman out near the edge of the town of Stephenville and by force had carnal knowledge of her.   The record bristles with doubt and uncertainty as to the question of consent to the alleged act of intercourse on the part of the prosecuting witness.   The trial court recognized this in his charge and charged directly and pertinently on the question of feigned resistance.

The mother of prosecutrix among other things testified that the next morning after the alleged rape had occurred the night before she examined prosecutrix and found bruises on her and in addition made the following statement:

"Her periods were not on at that time—they came on her about the 20th—about three days after the 17th. Before this ever happened she had been just as healthy and as regular as a child could be. This was the 20th and it lasted ten days, up to in January. Her health has never been no account since that time."

With the record in this condition, the appellant offered to prove by Clay McCluskey that in the month of September, 1924, the alleged rape having occurred in December, 1924, that he had carnal intercourse with the prosecuting witness with her consent. By the same witness appellant offered to prove that he had intercourse with her in October, 1924. By the same witness he offered to prove that in the fall of 1924 the witness, Earl Matthews, and Theron York, and the prosecuting witness drove in a car to a place several miles east of Stephenville, and that said McCluskey again had intercourse with prosecutrix with her consent, and that Mathews and York at different times that night went off with prosecutrix in the woods and stayed fifteen or twenty minutes, after which all four of the parties returned to town.

He further offered to prove by the same witness that during the fall of 1924 that he and Theron York and prosecuting witness again rode out at night in a car and that while York was out of their presence he and prosecuting witness had intercourse and that thereafter on said occasion the witness absented himself and left York and the prosecuting witness for a period of several minutes and that then all the parties got together and returned to Stephenville in said car.

Appellant also proposed to prove by this witness that in the fall of 1924 the witness, Albert McPherson, Theron York and the prosecuting witness drove out east of Stephenville some three or four miles and that McPherson and York got out of the car at the request of the prosecuting witness and left said witness and the prosecuting witness in this case in said car on the back seat and that witness had intercourse with the said prosecuting witness with her consent, and that a short time thereafter the witness got out of the car and that York went to said car and spent several minutes with the prosecuting witness and then returned to where witness was, and that then the said McPherson went to said car and spent several minutes with the prose-

cutrix in the back of said car, and that then all of said parties returned to Stephenville.

Appellant offered to prove by the witness McCluskey that during the fall of 1924 the said witness had a conversation with the said prosecuting witness in Stephenville and she agreed to meet him at the barn at her house that night and that he did meet her there, she being dressed in her night-gown, and that a noise which prosecuting witness said was created by her mother caused the witness to leave.

Appellant also offered to prove by the witness Fred Stafford that in September, 1924, the said Stafford, the prosecuting witness and Robert Williams returned from Dublin, Texas, and the prosecuting witness was driving the car, and the said prosecuting witness drove the car off the highway on to a neighborhod road, stopped the car and asked the parties which wanted to go first, and that thereupon Stafford stated that he did, and the prosecuting witness asked Williams to go away from said car and that after he had gone Stafford had intercourse with the prosecuting witness in said car with her consent. That thereafter Stafford left the car and remained away for a short time, Williams having returned to said car, and that thereafter all of the parties returned to the town of Stephenville.

He also offered to prove by the witness Stafford that he and Dick Ayers drove in the night time to Dublin, Texas, and that on their return Stafford had intercourse with the prosecutrix with her consent, and thereafter Stafford left the car in charge of Ayers and the prosecutrix and remained away from it a while and then they all returned to Stephenville; and that thereafter in October, 1924, prosecutrix, together with Fred Stafford and Wayne Kay, took a drive in the car at night, when Stafford again had intercourse with the prosecutrix and again left the car in charge of the prosecutrix and Kay.

He also complained at the court's action in excluding the testimony of Robert Williams, which if true was to the effect that he, in the month of September, 1924, had intercourse with the prosecutrix.

The court also excluded the testimony of Dick Ayers, which was to the effect that some time in the month of September, 1924, he had intercourse with the said prosecutrix with her consent, and he excluded the testimony of the witness Kay to the effect that he had intercourse with the prosecutrix in October, 1924.

Appellant also complains at the court's action in excluding the testimony of Jack Davidson to the effect that some time in

the year 1924 on one occasion when the prosecutrix was at the house of the said Jack Davidson that he, the said Jack Davidson, was not feeling well and was lying in the bed with the cover pulled over him, and that during the absence from said room of anyone except himself and the said prosecutrix that she got in bed with him and got under the cover and began to fondle his private parts, and that the said Jack Davidson's sister came into the room and caused said prosecutrix to leave said bed.

All of the foregoing testimony was excluded by the court on the ground that the appellant would not be permitted to prove specific acts of carnal intercourse between prosecutrix and other persons than the person on trial. Pefferling v. State, 40 Texas Crim. Rep. 487; Dorsey v. State, 1 Tex. Crim. App. 33; Jenkins v. State, 1 Tex. Crim. App. 346; Mayo v. State, 7 Tex. Crim. App. 342; Lawson v. State, 17 Tex. Crim. App. 292. These cases each sustain the conclusion reached by Mr. Greenleaf, who says:

"The character of the prosecutrix for chastity may be impeached, but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity. Nor can she be interrogated as to a criminal connection with any other person except as to her previous intercourse with the prisoner himself; nor is such evidence of other instances admissible."

The reason for the rule as stated in the authorities above cited is that "The inquiry is for the purpose of proving character, and it would operate a surprise if an inquiry as to particular instances of immorality or intercourse with particular persons was permitted to establish the character of the witness, who, as has been said, cannot be supposed to come prepared to defend her character, except against a general attack."

It occurs to us that under the facts in the instant case neither the rule nor the reason for the rule as above stated applies. The cases above decided seem to be based upon the question as to how the character of the prosecutrix for chastity may be impeached. We know of no case that holds that evidence of other acts is inadmissible if it sheds light upon a contested issue in the case. In the instant case, the mother of prosecutrix had testified to facts which in substance show that the act of intercourse for which the appellant was on trial had practically ruined the health of her daughter. The appellant had raised the issue that penetration was not accomplished and on this issue had introduced testimony showing that the prosecutrix had said the day after the alleged offense that she had not been penetrated. On the

contrary, the prosecutrix on the trial of the case said that she knew that she was penetrated because the act of penetration gave her great pain. We think the prior acts of intercourse were clearly admissible as rebutting the testimony of her mother as to the effect on prosecutrix's physical condition of the act and as also rebutting the testimony of prosecutrix to the effect that she could testify to penetration because of the severe pain occasioned thereby. It can hardly be seriously contended that if prosecutrix had been in the habit of having illicit relations with men singly, in pairs and in gangs, that a single act on the night in question would have likely ruined her health. Neither can it be contended that if she had been as promiscuous in her sexual favors as the excluded testimony would indicate she would be likely to identify penetration on the night in question by reason of its severe pain. As above stated, where the testimony sheds light on an important issue in the case, evidence of other acts may be proved. Calhoun v. State, 214 S. W. 339; Lusty v. State, 261 S. W. 775; Bigliben v. State, 151 S. W. 1044.

Various other errors are presented by appellant but as they may not occur in the same form on another trial of the case, a discussion of them is pretermitted.

For the error of the court in excluding the testimony above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The indictment in this case contained two counts, one alleging rape of Emma Moser, a woman, by means of force, threats and fraud; the other charging an assault with intent to commit rape upon Emma Moser, a woman, by force, threats and fraud. The mother of prosecutrix testified that her daughter had been in good health up to the time of the alleged assault, but had been in bad health continuously since same. Prosecutrix herself testified that the act of intercourse with appellant, upon which the charge in this case is predicated, caused her great pain and suffering,—that it was the first time she had ever had intercourse with a man. Where the physical condition of prosecutrix is relied upon as corroborative of her claim that she was assaulted by the accused, or when such testimony tends to solve any other issue in the case, it is permissible to prove acts of intercourse with other persons prior

to the date of the commission of the offense under investigation. Appellant offered to prove by many witnesses acts of intercourse on the part of prosecutrix prior to the act here relied upon with appellant, which proof was rejected.    In view of the reliance had by the state upon the physical condition of prosecutrix after the occurrence, as testified to by her mother, and in view of her further testimony that the act caused her great physical pain and suffering, it would seem permissible under the authorities cited by Mr. Branch under Sec. 1787 of his Annotated P. C., as well as the authorities cited in the original petition, to admit proof of such prior acts on the part of the prosecutrix.

While one who is unchaste may be ravished, and is entitled to the protection of the law against one who assaults her, still where testimony of facts such as above referred to has apparently probative force bearing upon contested issues, the courts will permit such testimony.

The state's motion for rehearing will be overruled.

*Overruled.*