RICHARD PARKER v. THE STATE.

No. 1111. Decided April 12, 1911.

**Rape—Evidence—Third Parties.**

Where, upon trial of rape, it appeared by the evidence of the defendant that he had not had the alleged intercourse with the prosecutrix, it was reversible error not to permit the defendant to show that the prosecutrix had sexual intercourse with a third party; and this although the defendant elicited the fact that prosecutrix gave birth to a child.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for rape on a girl under fifteen years of age.

The prosecutrix testified to an agreed act of intercourse. This is denied by appellant. There is testimony to the effect that there was ample opportunity for other men and boys to have had intercourse with prosecutrix. Much of this is denied by the State's evidence. The appellant is about sixty-five years of age. The other men are young. The girl gave birth to a child on March 28, 1910. Appellant offered evidence to show that the latter part of June or first days of July, 1909, Huey Fountain and the prosecutrix had been seen in such relations and "juxtaposition" to each other as to render it probable that he was the father of the child, and that their relations were such as to show they were having intercourse. Davenport would have testified, had he been permitted to do so, that "at various and different times" he saw prosecutrix and Fountain "embrace each other" in a compromising position. The first time he saw them they were standing up, and another time they were around by the side of the house, but he could not tell what they were doing, but they were in the embrace of each other. The last time he saw them it was night, etc. This was in June or in July, the exact date he could not state. The prosecutrix testified to one act of intercourse between appellant and herself in June or July, and that the child was the result.

This testimony was contradictory of her evidence and was admissible also to show other intercourse, and that this child may have been the result of criminal intimacy with Fountain and not defendant. Appellant denied the intercourse most positively. If it was a conceded fact that appellant had the intercourse, the fact that also Fountain

did might not be material. But it was an issue, and the evidence rejected was important. The court in qualifying the bill states that the State did not elicit the fact that prosecutrix gave birth to a child; that it was developed by the defense, therefore he thought a different rule should obtain than if the State proved it primarily as corroborative of the prosecutrix, etc. Appellant was entitled to this evidence. Prosecutrix had testified she had intercourse with no other person, and this testimony should have been admitted also to meet that evidence. These questions are settled favorably to appellant's contention in Bader v. State, 57 Texas Crim. Rep., 293. See also Rice v. State, 37 Texas Crim. Rep., 36; Knowles v. State, 44 Texas Crim. Rep., 322; Skidmore v. State, 57 Texas Crim. Rep., 497.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*