# STATE v. JOHN PERRY.[1]

January 20, 1922.

No. 22,766.

**Evidence inadmissible.**

1. In a prosecution for carnal knowledge of a female child under the age of consent, evidence of illicit relations of complainant with persons other than defendant, is inadmissible as bearing upon the credibility of the testimony of prosecutrix.

**Evidence admissible in rebuttal.**

2. Where pregnancy follows a charge of carnal knowledge, defendant may, for the purpose of refuting any inference arising therefrom, offer proof that other men had had illicit relations with complainant within the time when conception might have taken place.

**Charge to jury—corroboration.**

3. We find no reversible error in the instructions relative to the birth of the child being corroborative proof of the offense charged.

Defendant was indicted by the grand jury of Winona county charged with the crime of carnal knowledge of a female child under 18 years of age, tried in the district court for that county before Callaghan, J., and a jury, and found guilty as charged in the indictment. Defendant moved for a new trial and the court certified five questions as doubtful and important. The questions were answered in the negative.

*Webber, George & Owen,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Earl Simpson,* County Attorney, for respondent.

[1]Reported in 186 N. W. 310.

QUINN, J.

Defendant was indicted, tried and convicted of carnally knowing, on November 7, 1920, a female child of the age of 14 years. He moved for a new trial, and, upon hearing, the court, being of the opinion that the questions raised were doubtful and of such importance as to require the decision of this court, certified 5 questions for review, all of which may be considered under two headings: (1) Was it error to limit the cross-examination of the prosecuting witness to instances within the time when conception might have taken place, and to exclude testimony of other witnesses as to admissions claimed to have been made by the prosecutrix of having had illicit relations with persons other than defendant outside of such period? (2) Did the court err in its charge relative to the birth of a child being corroborative proof that the accused was guilty of the offense charged?

The prosecutrix was delivered of a child in August, 1921. The child was exhibited in evidence. Upon cross-examination of the prosecuting witness, defendant attempted to show particular acts of illicit relations on her part with others than the defendant without reference to time, and by other witnesses admissions on her part of having had illicit relations with other men outside of such period. The offer was excluded as being too indefinite as to time, the court holding that to render the same admissible the acts referred to must have been within the time when conception might have taken place. In this state the age of consent is fixed by statute at 18 years. In a prosecution for carnal knowledge of a female under the age of consent, evidence of illicit relations of the prosecutrix with others than defendant, as bearing upon her credibility, is inadmissible. 22 C. J. § 579, p. 481; People v. Johnson, 106 Cal. 289, 39 Pac. 622; State v. Hammock, 18 Idaho, 424, 110 Pac. 169; State v. Smith, 18 S. D. 341, 100 N. W. 740; People v. Abbott, 97 Mich. 484, 56 N. W. 862, 37 Am. St. 360. But, where pregnancy follows the act charged, defendant may, for the purpose of refuting any inference arising therefrom, offer proof that other men had illicit relations with the complainant within the time when con-

ception might have taken place. State v. McPadden, 150 Minn. 62, 184 N. W. 568. The charge under consideration is closely allied to that of rape, but differs materially as to the element of consent and the rules of evidence applicable thereto. In a prosecution for rape the general reputation of the prosecutrix for chastity may be shown as bearing upon the nonprobability of resistance. That class of testimony goes to the question of consent only. In a case like the present, that element is eliminated entirely by the provisions of the statute. The testimony that was offered and excluded was, as stated by counsel for the defense, for the purpose of shaking the testimony of the prosecutrix for truth and veracity and was inadmissible for that purpose. Sound reason requires the rule. If the class of evidence contended for was permissible for such purpose, it would be admissible as going to the veracity of any female who might be called upon to testify in any case. People v. Johnson, supra.

Upon cross-examination counsel interrogated the prosecuting witness at considerable length as to having had illicit relations with other men at different times, and when objected to stated to the court that they did not offer it as a defense to the charge contained in the indictment, but as bearing upon the credibility of the witness. The court held that the testimony was inadmissible for that purpose, but, if the acts referred to were at a time when conception might have taken place, the testimony would be received. The witness admitted having told Mrs. Loitz and Mrs. Perry of having illicit relations with other persons, without specifying the time. No further foundation was laid for the impeaching testimony. Thereafter upon the trial the witnesses Loitz and Perry were called and interrogated as to the conversations had with the complaining witness, which was objected to and excluded. The ruling was right. We do not understand, by question number 4, or otherwise, that the trial court excluded any evidence of acts of intercourse at about the time pregnancy occurred; on the contrary, the learned trial court seems to have been quite specific in ruling that said evidence was admitted. But if as a matter of fact such evidence was excluded, a fact not shown by the present record, it was error.

It was stated upon the submission of this case that the accused had a right to know upon his trial who his accuser was. He did know that she was a girl but 14 years of age and that no man, either married or single, has any right to violate her person. It may be understood that the intent and purpose of the statutes of this state is to protect young girls from those bent upon their ruination to gratify their own lust. We have examined the charge of the court relative to the birth of the child as being corroborative testimony as to the offense charged and find no reversible error therein. We therefore answer all the questions certified in the negative.