J. T. PARKS v. THE STATE.

No. 6607. Decided February 8, 1922.

Rehearing Granted May 31, 1922.

1.—Rape—Evidence—Cross-Examination—Practice in Trial Court—Age of Prosecutrix.

Where no objection was made when the prosecutrix gave her testimony relative to her age, and she was cross-examined at length with reference

thereto, a motion to exclude all the evidence on this point was correctly over-ruled.    Distinguishing Johnson v. State, 42 Texas Crim. Rep., 398.

### 2.—Same—Consent—Charge of Court—Contradictory Charge.

Where the indictment in one count charged rape by force, threats and fraud, and in another rape upon a female under the age of consent, and the jury found defendant guilty under the first count, both counts being submitted, and defendant claiming consent, the charge of the court upon the second count, with reference to a female over the age of fifteen years, want of chastity and consent was reversible error at its close to charge the jury, "You will acquit the defendant under the second count and proceed to determine whether he is guilty under the first count in the indictment," as there could be no acquital under the second count without a finding in favor of defendant on the issue of consent, and such finding would preclude a conviction under the first count.

Appeal from the Criminal District Court of Dallas.    Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of rape; penalty, death.

Opinion states the case.


*Baskett & DeLee*, for appellant.


*R. G. Storey*, Assistant Attorney General, for the State.—Cited cases in opinion.


LATTIMORE, Judge.—Appellant was convicted in Criminal District Court No. 2 of Dallas County of rape, and his punishment fixed at death.

The alleged rape occurred near Dallas, Texas, in March, 1921. There are two counts in the indictment, one alleging rape by force, threats and fraud; and the other rape upon a female under the age of consent.  Both counts were submitted in the charge, and appellant was convicted and adjudged guilty under the first.

After the testimony was all in appellant filed a motion asking that all the evidence of prosecutrix as to her age be excluded and withdrawn because her knowledge thereof was vague, indefinite, uncertain and based wholly on hearsay; and also requested a charge to the jury instructing them not to consider her testimony relative to her age.   Both were refused.   We observe that no objection was made when the prosecutrix gave her testimony relative to her age, and that she was cross-examined at length with reference thereto by appellant's counsel.  We are not of opinion that appellant is in position to complain, or that Johnson v. State, 42 Texas Crim. Rep., 298, is authority for his contention that error was committed by permitting such evidence to remain before the jury.

Appellant requested a special charge which is as follows:

"Gentlemen of the Jury: In this case you are charged that if you should find and believe from the evidence beyond a reasonable doubt

that the defendant did have carnal intercourse with the witness, Gladys Sapp, about the time and place charged in the indictment and you further find and believe from the evidence, beyond a reasonable doubt, that the said Gladys Sapp was under the age of eighteen years, then, if you should have a reasonable doubt from the evidence whether or not at said time said Gladys Sapp was over the age of fifteen years, and that she consented thereto, and you further find from the evidence, or if you have a reasonable doubt thereof, that the said Gladys Sapp was of previous unchaste character, you will acquit the defendant and say by your verdict 'not guilty.' ''

This charge was marked by the trial court: ''Refused: Given in main charge.'' Examining the charge of the court as given to the jury, we find therein the following:

''You are further instructed that if you should find and believe from the evidence beyond a reasonable doubt, that the defendant did have carnal intercourse with the witness Gladys Sapp about the time and place alleged in the indictment, and you further find and believe from the evidence beyond a reasonable doubt that the said Gladys Sapp was under the age of eighteen years, but you believe or have a reasonable doubt from the evidence that at said time and place Gladys Sapp was over the age of fifteen years, and that she consented to said act of intercourse; and if you further find from the evidence, or if you have a reasonable doubt thereof, that the said Gladys Sapp was of previous unchaste character, you will acquit the defendant under the second count in the indictment, and proceed to determine whether he is guilty under the first count in the indictment.''

Except for the last two lines of that part of the main charge just quoted, the requested charge was substantially identical. Comparison makes this clear. It is here insisted that the language of said charge by adding said last two lines became such as to confuse the jury and cause them to conclude that appellant should be convicted under the first count even though they believed that prosecutrix consented to the act of intercourse. We regret our inability to agree with this view. The language of said charge, and the context of that part of same wherein appears the phrase ''and that she consented to said act of intercourse,'' seems to us to place beyond dispute the fact that the court so used such language and the jury must have so understood same, only as applicable to a state of case wherein the proof showed the alleged injured female to be between the age of fifteen and eighteen years. That appellant so concluded is evidenced by the fact that no exception was thereafter directed at the charge for any such reason as that consent was not left as a defense to rape as charged in count No. 1. No special charge was asked telling the jury that consent if proven or doubtful, would require an acquittal under said first count. The exception taken to the quoted part of the main charge is as follows:

"He further objects and excepts to said charge in which he tells the jury in effect that if Gladys Sapp was under 18 years of age and over fifteen years of age, consented and was of previous unchaste character, to acquit under the second count and next proceed to consider whether he is guilty under the first count, for the reason that the evidence was not sufficient to authorize the submission of the first count, and said charge as given is calculated to unduly impress the jury with the idea that in the opinion of the court defendant is guilty and because said charge is contradictory in its terms."

We do not believe the court's charge open to the exception made, nor that such exception raised the question of the elimination of consent as a defense to rape as charged in the first count.

Inasmuch as appellant received the extreme penalty at the hands of the jury, we have carefully examined the record to ascertain what evidence, if any, appears reflecting the age of the girl as over eighteen years, for unless in some way it was shown probable that she was beyond such age, the question of consent other than as submitted would be immaterial. The girl testified that she was thirteen years of age, but that she had been told by her mother each year when her birthday came, and only by this did she know her age. She also testified that on the day of trial she weighed seventy-one pounds. The physician who examined the prosecutrix the day of the occurrence and at a later date, testified and spoke of her as "this little girl," and stated that her private parts were well developed for "a child of her age." Appellant lived near prosecutrix, and in giving his own testimony spoke of her more than once as "this little girl." The mother of prosecutrix testified that she was thirteen years of age and that she was born in 1908. On her cross-examination she stated that she married her present husband in 1909, and being asked how old prosecutrix was at that time, she stated that she was five or six years old, but at once corrected herself and said that she was not that old, that she was a small child. On cross-examination of the prosecutrix when recalled, she was asked if she was born in 1908 and stated that she thought it was eighteen something, that her mother told her when she was born. It would seem incredible that a physician of experience could examine a girl with some degree of care and on more than one occasion and fail to ascertain the fact if she had reached the age of puberty, or if there were other evidences that she was beyond a condition of childhood. We find nothing in the record to justify any sort of belief that prosecutrix was over eighteen years of age, and must conclude that the question of consent as applicable to the first count was not raised by the facts.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

May 31, 1922.

MORROW, PRESIDING JUDGE.—The indictment charges rape upon Gladys Sapp, and embraces two counts, namely: one describing her as a woman; the other as a female under the age of eighteen years.

Both phases of the statute defining rape were submitted to the jury, namely: that defining rape as the carnal knowledge of a woman by force, threats or fraud, and that defining it as such knowledge of a female under the age of eighteen years. In other words, touching the first count, the court instructed upon carnal knowledge without consent, and concerning the second count, upon carnal knowledge with consent. The verdict is founded upon the first count.

To authorize a conviction under the first count, it was essential that the proof show that the appellant had intercourse with the prosecutrix by force, threats or fraud. If she *consented to the intercourse,* there could be no conviction under the first count of the indictment. This we understand to reflect the repeatedly expressed opinion of this court. See Morgan v. State, 50 S. W. Rep., 718; Nicholas v. State, 23 Texas Crim. App., 317; Moore v. State, 20 Texas Crim. App., 275; Jenkins v. State, 34 Texas. Cr. Rep., 201. The last-named case was one in which the prosecutrix was under twelve years of age, and the indictment charged that rape was committed by force. The court said:

"While it would be permissible to show that prosecutrix was under the age of consent, yet in order to sustain the charge, a rape by force must be shown, and nothing less than this would suffice to sustain the allegation of the indictment."

Quoted in the original opinion is the paragraph of the charge concerning the second count in the indictment. Under the instruction and under the law, to authorize an acquittal of the phase of the offense charged in the second count, it is necessary for the jury to determine three things, namely; first, that the prosecutrix was over fifteen years; second, that she was of previous unchaste character; third, that she consented to the act of intercourse. See Penal Code, Art. 1063; Norman v. State, 89 Texas Crim. Rep., 330. Unless these concurred, there could be no acquittal under the second count.

The same is not true with reference to the first count. That count charging that the rape was by force, threats or fraud, would not support a conviction if the proof showed that the intercourse was by voluntary consent.

The appellant contends that the concluding words of the quoted charge mentioned renders the charge of the court as a whole contradictory. The words complained of are these: *"You will acquit the defendant under the second count in the indictment and proceed to determine whether he is guilty under the first count in the indict-*

*ment."* Appellant contends that if the jury acquitted him under the second count, there could be no conviction under the first count. There could be no acquittal under the second count without a finding in favor of appellant on the issue of consent, and such finding would preclude a conviction under the first count. This being true, the appellant insists that the concluding paragraph mentioned conveys the idea that there might be a finding of fact justifying an acquittal under the second count and yet a conviction under the first count. This conclusion we find impossible to escape.

Touching the age of the prosecutrix, the evidence that she was more than fifteen years of age was meager, but not wholly wanting. It was deemed by the learned trial judge adequate to require solution by the jury, and upon that theory the phase of the charge relating to the second count of the indictment was framed. There is no direct evidence of previous unchaste character, but the description of the conduct of the prosecutrix as described in the written confession of the appellant is inconsistent with her previous chastity.

Upon the issue of consent, however, there can be no doubt that there was the issue formed. Appellant's written confession was introduced by the State as a part of its case. In it there is contained the declaration that the prosecutrix had not only consented to the intercourse with the appellant but invited and encouraged it. The State having introduced the confession containing this statement, its truth became a question for the jury's solution.

Against the paragraph of the court's charge submitting the second count, the appellant directed a timely objection which is embraced in the written objections to the court's charge in which that part of the paragraph of the charge submitting the second count to the jury is complained of upon the ground, among others, that it makes the charge contradictory within its terms.

A special charge was also requested in which the court was asked to tell the jury that if the prosecutrix was over fifteen years of age and consented to the act of intercourse and was of previous unchaste character, an acquittal should result. In the bill complaining of the refusal of this charge, appellant points out that in lieu of it, the court instructed as set out in the original opinion, adding the objectionable qualification, that is, the information that though they might *"acquit under the second count, they will proceed to determine whether the appellant was guilty under the first count."* The learned trial judge, in qualifying this bill, among other things, states "that the matters set out in the special charge related to the second count and could have had no application to the first." In this view, apparently, the fact that the consent which was an essential element of defense under the second count was a complete bar to conviction under the first count. In view of the exceptions made to the special charge requested, we do not regard the inaccuracy of the charge as

due to any laches upon the part of the appellant nor did he waive his right to complain of it here, especially is this true in view of the character of the case. These conclusions we have reached upon reconsidering the record in the light of appellant's motion for rehearing.

It follows from what has been said that the motion for rehearing should be granted, the affirmance of this case heretofore ordered, set aside and the judgment of the trial court reversed and the cause remanded, and such is the order.

*Reversed and remanded.*