## Sol NeSMITH v. THE STATE.

No. 7292.  Decided January 10, 1923.

**Rape—Force or Threats—Female Under Age of Consent—Charge of Court.**

Where, upon trial of rape, the indictment contained two counts, one upon a female under age of consent, and the other by force, and the conviction rested upon the first count alone, there was no error in the court's refusal of a requested charge that as a predicate for conviction, it was essential to find that the carnal knowledge was by force or threats. Following Jenkins v. State, 34 Texas Crim. Rep., 201, and other cases.

Appeal from the District Court of Mills. Tried below before the Honorable M. B. Blair.

Appeal from a conviction of rape on a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for rape; punishment fixed at confinement in the penitentiary for a period of five years.

Two counts were embraced in the indictment. One charged the carnal knowledge of Vergie Pyburn, a female, then and there under the age of eighteen years, and then and there not being the wife of the said Sol NeSmith; the other charged that the carnal knowledge was obtained by force, threats and fraud and without the consent of the said Vergie Pyburn.

The second count was not presented to the jury, and the conviction rests upon the first count alone.

A single question is raised on the appeal, namely, the propriety of refusing to instruct the jury that as a predicate for conviction, it was essential to find that the carnal knowledge was by force or threats. The evidence from the standpoint of the State was definite that the prosecutrix, at the time of the offense, was under eighteen years of age and that the appellant did, in fact, have carnal knowledge of her. She testified that it was without her consent. However, from her testimony, the inference is deducible that she did consent. The position taken by the appellant in his testimony was that there were no improper relations between them. This issue of fact was submitted to the jury in a manner of which no complaint is made. We perceive no error in refusing to give the charge requested. Under the State's testimony, the appellant was guilty of rape although he used no force or threats. See Parks v. State, 92 Texas Crim. Rep., 59, 241 S. W. Rep., 1017; Morgan v. State, 50 S. W. Rep., 718; Jenkins v. State, 34 Texas Crim. Rep., 201. Under his testimony, appellant was guilty of no offense.

Discerning no error, an affirmance of the judgment is ordered.

*Affirmed.*