ROBERT KING V. THE STATE.

No. 7595.   Decided November 7, 1923.

Rehearing denied December 12, 1923.

1.—Assault to Rape—Evidence—Rebuttal.

Where, upon trial of assault with intent to rape, the physician who made a physical examination of the prosecutrix testified that the penetration was recent and had been made within twenty-four hours prior to his examination, which was on the same day the assault was made there was no error in refusing testimony in rebuttal that the witness had had intercourse with prosecutrix many times prior to the date of the alleged assault, to contradict prosecutrix and her mother that the latter had not been allowed to associate with boys or men and had no opportunities for intercourse, the trial judge certifying that he would allow testimony only of such sexual intercourse, committed within twenty-four hours prior to the alleged rape. Distinguishing Bader v. State, 122 S. W. Rep., 555, and other cases.

2.—Same—Evidence—Opportunities for Intercourse.

Upon trial for assault to rape there was no error in rejecting testimony that the prosecutrix associated with boys about her age at night-time under such circumstances as would give them opportunity to have intercourse with her, and the evidence being sufficient to convict there is no reversible error.

3.—Same—Rehearing—Former Decision.

Where the decision cited by appellant in his motion for rehearing was not analogous to the facts in the instant case, the same does not apply with reference to the exclusion of evidence of other acts of sexual intercourse. Distinguishing Bader v. State, supra.

Appeal from the District Court of Brazoria. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of assault to rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*A. E. & Carlos B. Masterson*, for appellant. Cited, cases in opinion.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—From a conviction in the District Court of Brazoria County of assault to rape, with punishment fixed at five years in the penitentiary, appellant appeals.

At the time of the alleged rape prosecutrix was a girl not quite thirteen years of age. She was living with her father, her mother being at work in West Columbia. On the 14th of April, 1920, her father left her at a house in which appellant lived, an aunt of

prosecutrix also residing there. Later during the day the aunt went away to a wedding leaving the child at the house. Prosecutrix testified that twice during the night appellant copulated with her; that it caused her much pain and bloodshed and that she begged him not to do it. The mother of prosecutrix testified that she came to Angleton where her daughter was on the morning of the 15th and found her locked in a room at the house where appellant lived, and that prosecutrix told her of the assault by appellant, and upon examination witness said she found the underclothing of the child bloody. In this she was corroborated by the child's father. They took the girl to a doctor that same day. On the trial of the case the doctor testified that the child's hymen had been torn; there were bruises of the parts and inflammatory "charges" (which we take to be a typographical error and that the doctor said "discharges"); that her private parts had been penetrated, and from his examination he would state that the penetration was recent; had been made within twenty-four hours prior to his examination; the private parts were bruised and sore and the hymen torn.

Appellant placed on the witness stand a boy of seventeen by the name of Harris and offered to prove by him that he had had intercourse with prosecutrix many times prior to the date of the alleged rape. The bill of exceptions complaining of the rejection of this testimony states that same was offered as explanatory of the testimony of the doctor as to the condition of the girl's privates; to contradict prosecutrix and her mother wherein they swore that she had not been allowed to associate with boys or men and had no opportunities for intercourse; and as affecting the credibility of prosecutrix and her mother; and for whatever it was worth. In sustaining the objection the learned trial judge offered to allow testimony of any intercourse had with prosecutrix within twenty-four hours prior to the alleged rape.

In Bice's case, 37 Texas Crim. Rep., 43, the prosecutrix swore to but one act of intercourse with the accused, and that it was her only act of that kind with anyone, and she said that her baby was the fruit of said act. Proof on behalf of appellant that prosecutrix had intercourse with others was rejected. In the opinion it is stated that the four grounds upon which said testimony was offered were: (1) to impeach prosecutrix who said she had known no other man; (2) to refute her claim that her pregnancy resulted from the single act with the accused; (3) the mitigation of punishment, and (4) generally for all purposes. In considering the matter this court held that such testimony should have been admitted upon the second ground mentioned. This amounts to a denial of its admissibility for the other reasons stated. If about the same time as claimed by prosecutrix to be that of her intercourse with accused from which

a child resulted, she claiming that she never had intercourse with any other person, proof of the fact that she had two such acts with another man at such time as that the child might reasonably result therefrom would appear cogent evidence to rebut the State's proof of pregnancy and child birth offered as corroborative of the prosecutrix. In Knowles v. State, 72 S. W. Rep., 398, under a similar state of facts, like evidence offered by the accused was held admissible on the authority of the Bice case, supra. In the opinion many authorities are cited holding such evidence inadmissible for impeachment, the matter inquired about being deemed immaterial, and the opinion goes no further than to hold the testimony admissible as rebutting the State's theory of corroboration by proof of pregnancy and the birth of the child. We are in accord with the proposition that any fact having probative force which rebuts testimony offered as material by the opposite side, is admissible. In Bader v. State, 57 Texas Crim. Rep., 293, 122 S. W. Rep., 555, appears a discussion of the question which is now before us, which however is wholly dicta, the bill of exceptions presenting the complaint in that case being qualified by the trial judge in a statement that he held such evidence to be admissible but none was in fact offered. The case was reversed for other reasons. In Skidmore v. State, 57 Texas Crim. Rep., 497, 123 S. W. Rep., 1129,—an incest case in which the birth of a child was proven to corroborate prosecutrix in her claim of intercourse with the accused,—we held that he would have the right to rebut such proof by showing that another person was the father of the child, or for the same purpose, that she had intercourse with another man about the time charged. Shoemaker v. State, 58 Texas Crim. Rep., 598, 126 S. W. Rep., 887, is cited by appellant. In that case prosecutrix on cross-examination was asked if following her being caught in an act of intercourse with one Bynum by her brother, she had been upbraided by her sisters for such conduct and had then told them that if they said anything more about it she would charge appellant, husband of one of her sisters, with having intercourse with her. It appears that she had not reported to either of her sisters any assault upon her by appellant. It also appears that Mrs. Bynum, the mother of the young man in question, did report the instant case to the officers. The theory of the defense being that the girl was guilty with Bynum and that there was a conspiracy between her, Bynum and his mother to shift the blame to appellant, this court held it proper to prove on behalf of the appellant her conduct with Bynum. Foreman's case, 61 Texas Crim. Rep., 56, 134 S. W. Rep., 229, is also cited. In same the issue was one of limitation only, the accused admitting that he had intercourse with prosecutrix in 1905 and 1906 but denying that he had intercourse with her in 1907, and asserting that he was out of the State during

the early part of that year. The girl swore to but two acts with accused, one in 1905 and the other in 1907, the latter being seven or eight months before she gave birth to a child in December of that year. The indictment was returned in January 1908. If appellant did not have carnal knowledge of her in 1907, the one year statute of limitation applicable to rape cases barred the prosecution. Prosecutrix testified that she could not recall the date of the act had with appellant in the early part of 1907, but did testify that after same she had intercourse with one Williams whom she subsequently married and that Williams was the father of her child. As concluded by this court, it appearing that her intercourse with Williams was of such proximity to the birth of the child as to render her testimony that he was its father unbelievable, and appellant having sworn that he was out of the State during the early part of 1907, it was competent to prove on behalf of appellant acts of intercourse had by prosecutrix during the early part of 1907 with other men, as shedding light on who was the probable father of the child of prosecutrix. Bigliben v. State, 68 Texas Crim. Rep., 530, 151 S. W. Rep., 1044, is also referred to. The case seems to us adverse to appellant in its conclusions. This court upheld the rejection of testimony of other acts of intercourse on the part of prosecutrix than those with the accused, concluding that her credibility could not be thus attacked even though she said that her act with appellant was her first. Parker's case, 62 Texas Crim. Rep., 64, 136 S. W. Rep., 453, is also cited. In that case the appellant was a man of sixty-five and the prosecutrix a girl under age. She swore to one act only with him and that a child resulted. Appellant offered to prove acts with younger men about the date when her conception must have taken place. We held the testimony should have been admitted, citing Bice, Knowles, etc.

The instant case has no feature involving the unchastity of a female between fifteen and eighteen years of age and Norman v. State, 89 Texas Crim. Rep., 330, 230 S. W. Rep., 991, seems to have no application.

If there was any evidence in this case showing that the State placed reliance for corroboration of the claim of rape of prosecutrix on facts showing merely penetration at some unknown time, we would hold the rejected testimony of Harris to be admissible as explanatory of such fact, and to that extent as rebutting the force of such corroborative testimony; but as we read this record all the testimony of the doctor related to a condition of the privates of the girl evidencing injury within twenty-four hours prior to his examination. There was no claim of any intercourse between Harris and the girl with anything like proximity to the date of the charge as laid. The testimony of Harris as it appears in the statement of facts entirely

negatives that idea. He said that he had gone to school with her when she lived at Clutes but that at the time he heard about this trouble, she was going to school in Angleton and that he had never gone to school at Angleton and had not seen her recently before that and did not know when he had seen her before that. As we understand this case we would not feel justified in reversing same for the refusal of the testimony of Harris that at some time—a year or more prior to the occurrence charged, he had had intercourse with the girl. The doctor's testimony cannot be fairly construed to point to an assault other than the one made not longer than a day before he saw the girl. His testimony would not be contradicted or weakened, or the testimony of the girl be legitimately contradicted by the testimony sought from Harris. Many cases are cited in Mr. Vernon's Ann. C. C. P., subdivision 38, under Art. 938, where this court has refused to reverse for the exclusion of evidence not deemed of sufficient materiality to injuriously affect the trial.

Nor do we deem the matter set out in appellant's bill of exceptions No. 2 wherein he complains that he was not allowed to prove by Oliver Gordon that he had seen Rosella Young associating with boys about her age at night-time under such circumstances as would give them opportunity to have intercourse with her, of any materiality or its rejection erroneous on the part of the learned trial judge.

We believe the evidence sufficient to support the conviction, and no reversible error appearing, an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

### December 12, 1923.

LATTIMORE, JUDGE.—Appellant but argues again the same authorities cited on original presentation each of which was discussed by us in our opinion. Appellant stresses chiefly Bader's case, supra. Examination of it discloses, in addition to what we have already said, that the court based its conclusion that the testimony as to acts of intercourse with prosecutrix by others than the accused, was admissible, largely upon the proposition that physicians who examined prosecutrix testified that they found a condition indicating frequent intercourse with some one prior to the time. No such condition appears in the instant case. We have carefully analyzed the law of the case in the light of the authorities and have tried to make a fair application to the facts but are unable to conclude ourselves in error in our former opinion.

The motion for rehearing will be overruled.

*Overruled.*