HAROLD MILLER v. THE STATE.

No. 7510.   Decided December 5. 1923.

**1.—Statutory Rape—Prior Unchastity—Charge of Court—Reasonable Doubt.**

Where, upon trial of statutory rape, the defendant affirmed and the State denied that the evidence was such as demanded an instruction upon the previous unchaste character of the prosecutrix, she being over fifteen years of age, and the evidence of the defense sufficiently raised this issue by circumstantial evidence, the court should have submitted the charge on the question of prior unchastity of the prosecutrix. Following Norman v. State, 89 Texas Crim. Rep., 330. And the burden resting on defendant was discharged by producing evidence that would leave in the minds of the jury a reasonable doubt on that subject. Following Simpson v. State, 93 Texas Crim. Rep., 304.

**2.—Same—Charge of Court—Previous Unchastity.**

Where, upon trial of statutory rape, evidence was before the jury for no other purpose, than its bearing upon the previous unchaste character of the prosecutrix, the court should have instructed the jury in appropriate terms to determine whether this was true or whether a reasonable doubt on that subject was entertained.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of statutory rape; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Cooley & Crisp*, and *Wynne & Wynne*, for appellant.   On question of previous unchaste character of prosecutrix, Norman v. State, 230 S. W. Rep., 992; Creighton v. State, 51 id., 910; Calhoun v. State, 214 S. W. Rep., 335.

*Tom Garrard* and *Grover .C. Morris*, Assistants Attorney General, for the State.

MORROW, Presiding Judge.—Rape is the offense; punishment fixed at confinement in the penitentiary for a period of seven years.

This is the State's theory: Anna Shipley, a girl seventeen years and ten months of age, while in an automobile with the appellant alone at night on a country road, was ravished by force.   At the time they were sitting upon the front seat of the car, and the act was accomplished despite the utmost endeavor of the prosecutrix to prevent it.

It was the appellant's theory that the act was committed with the consent and cooperation of the prosecutrix.

Both rape by force and by consent were embraced in the indictment in separate counts.   The court submitted to the jury only the count containing the averment that the prosecutrix was under the age of consent.   The statute declares that "if the woman is fifteen years or over, the defendant may show in consent cases, she was not of previous chaste character as a defense."   Penal Code, Art. 1063.

The appellant affirms and the State denies that the evidence was such as demanded an instruction to the jury in accord with the phase of the statute mentioned.   The refusal of the court to do so is properly before this court for review.

That the act of intercourse took place is not in dispute.   The evidence of the prosecutrix very cogently points to her consent, so cogently in fact that the learned trial judge refrained from submitting to the jury the issue of force.   Supporting the State's theory that the court properly pretermitted the charge on the subject of previous chaste character of the prosecutrix, the record reveals the following: the specific testimony of the prosecutrix that she did not consent, the pain and hemorrhage resulting from the. act, the revealing of the facts to her mother, the production of her garments stained with blood, the declarations of the physicians that the hymen

was ruptured and that the presence of blood indicated virginity immediately preceding the present act. Supporting the appellant's theory that the issue of previous unchaste character was raised, the record reveals these facts; the probability of consent and the improbability of force, the testimony to the effect that the accused embraced and kissed and fondled the prosecutrix on his first visit to her, that the act of intercourse occurred on his third outing, his testimony corroborated by the admissions of the prosecutrix to the effect that prior to the act they were together in an automobile stationary along the public road where other cars were passing frequently, that after the act was committed, the prosecutrix and the appellant took a long ride about the town of Terrell and that no outcry was made, that upon reaching her home late in the night, she made no immediate complaint, but according to the appellant, called him to kiss her good-bye. The evidence suggests that the condition of her apparel in connection with the lateness of the hour of her return aroused her mother's suspicion, and that the admission of the prosecutrix was not a voluntarily disclosure of her relations with the appellant, but was brought about by the insistence of her mother, fortified by the condition of the apparel of the prosecutrix.

The date of the transaction was June 4th. On June 2nd, the prosecutrix wrote a letter to the appellant which contained many protestation of affection, from which the following quotation is taken: "Listen Harold, the next time you and Earl have a date with Jonnie and I, we will go from home in your car and then Earl can get a car for them so we can be all by ourselves, understand? I'm sure Jonnie and Earl had rather be alone. Also, I'm sure we all would enjoy ourselves much more."

The prosecutrix testified on cross-examination that she had had sweethearts on several occasions to whom she was not engaged; that she was not engaged to be married to the appellant. She named these other sweethearts and also testified that on various occasions she had kissed them and put her arms around them and loved them; that this occurred both at home and out on the roads while they were in an automobile,—sometimes when the car was moving and others when it was stopped; that she loved these boys at the time she hugged and kissed them. She also testified that she had kissed the appellant and suffered him to kiss her on several occasions; that she put her arms around him for the purpose of loving him; that this had occurred on various occasions, both at home and in the automobile. There was evidence from the appellant that before the act of intercourse, they sat together in the automobile, that they engaged in hugging and kissing each other for some time. This, too, was corroborated by the testimony of the prosecutrix.

Touching the evidence on the issue of chastity, one of the greatest American jurists put the rule thus:

"But while the jury have no right or power to decide that a virgin is not a virtuous woman, it is their province, and theirs alone, to decide from the evidence whether the female alleged to have been seduced was a virgin at the time she yielded her person to the accused. And upon this question, all facts and circumstances tending to show a debauched mind, such as lewd conduct and behavior before that time, may be considered; for the jury need not have direct or positive evidence of her previous connection with some other person, but only such evidence as satisfies them that she had parted with her virginity. . . . The jury should pronounce the woman not virtuous upon any evidence, direct or circumstantial, which convinces their minds that she had previous illicit sexual intercourse; but without such evidence, they should treat her as virtuous, for in contemplation of the law she is so." (Opinion of Chief Justice Bleckley in O'Neill v. State, 85 Ga. Rep. 408.)

Against one accused of sexual offenses such as seduction, incest and rape upon a female under the age of consent, the relations of the accused and the prosecutrix prior to the date of the alleged offense are universally received in evidence. As said by Judge Ramsey of this Court:

"It can no longer be doubted that it is the law that both the act of intercourse and the promise of marriage can be established by circumstantial evidence. No lawyer can, as I conceive, give any reason why the law of circumstantial evidence should not apply in cases of seduction as well as in cases of murder or theft." (Nash v. State, 61 Texas Crim. Rep., 267-268.)

In a recent case of seduction of a girl, who died before the trial, evidence showing her environments and habit of attending church and social gatherings was held proper on the issue of her chastity. Crossett v. State, #7211, not yet reported. See also Underhill on Crim. Ev., 3rd Ed., sec. 592; Jeter v. State, 52 Texas Crim. Rep., 212; Ruling Case Law, Vol. 24, p. 776, sec. 50.

In his valuable work on Criminal Evidence, it is said by Mr. Underhill that "physical unchastity may also be inferred from proof of indecent familiarities with men, or indecent language and conduct." Underhill on Crime, Ev., 3rd Ed., sec. 592, p. 830.

"The proof of lascivious indulgences and wanton dalliances, with other evidence short of direct proof of the overt act, may authorize a jury to infer actual guilt, the illicit act." (Wood v. State, 48 Ga. 299.

In Creighton's seduction case, 41 Texas Crim. Rep., 102, this court said: "If prosecutrix had been kissed and embraced by Jim Weathers, and had kissed and been kissed by the other parties named,

such circumstances appellant ought to have been permitted to introduce before the jury, as tending to show a lack of chastity on the part of the prosecutrix.''

Upon this sole ground a reversal was ordered. Several other cases giving effect to the same principle are cited in Norman's case, 89 Texas Crim. Rep., 330, 230 S. W. Rep., 993.

In the present case the learned trial judge received such testimony on the issue of chastity, but refused to authorize the jury to determine its effect.

Whether the act of intercourse upon which the prosecution is founded was the only one within the experience of the prosecutrix was a question of fact to be answered from the evidence. If the direct evidence of the prosecutrix and the opinion of the physicians be regarded as conclusive, the failure of the court to call upon the jury to determine whether the prosecutrix was of previous chaste character was not error. Was the matter foreclosed by the testimony of the prosecutrix and the doctors? Was not the accuracy of her testimony rendered questionable by the improbability of the truthfulness of that part of it relating to force and resistance? The doctors' testimony was conclusive to the point that the hymen had been ruptured, but the inference that there had been no previous rupture was a mere opinion. The burden resting upon the appellant was not to prove the previous unchastity of the prosecutrix but to produce such evidence as would leave in the minds of the jury a reasonable doubt on that subject. Simpson v. State, 93 Texas Crim. Rep. 304. To make such proof no direct evidence was available but circumstances were relied on. The circumstances developed in the evidence were admissible. If this evidence was so remote or so slight as to have no appreciable bearing upon the matter at issue, the refusal to call upon the jury to solve the question was not error. Taylor v. State, 87 Texas Crim. Rep. 339, and cases cited. But, if such was the nature, there would have been no reason to receive it. That it was not of a character warranting its rejection is made evident by the decision of this court in Creighton's case. 41 Texas Crim. Rep. 101, and numerous others cited in Norman's case, 89 Texas Crim. Rep. 330. A holding that a refusal to admit the evidence would require a reversal, and that the evidence was not of sufficient weight to demand consideration by the jury would seem contradicting and illogical. That the evidence is of a character held in other jurisdictions adequate to form an issue of fact is demonstrated by the citations from text-writers and courts.

What measure of value the jury would have placed upon the facts had the issue of unchastity been submitted to them can not be said. The jury had before them facts from which they might have concluded that the prosecutrix permitted familiarities with the ap-

pellant upon his first visit to her; that she sought an opportunity to be alone with him in his automobile upon the occasion of the act in question; that at that time and prior to the commission of the act of intercourse, she engaged with him in hugging and kissing; that voluntarily she acted with him in engaging his sexual desire. In her relations with other sweethearts named, up to the point of sexual intercourse, she had concededly been as generous in her favors towards them as to the appellant. The opportunities for sexual relations with them were equal to those with the appellant. The evidence was before the jury for no purpose other than its bearing upon the previous unchaste character of the prosecutrix, and it .is believed that it was such that upon the record in this case the trial court was not warranted in ignoring it, but should have instructed the jury in appropriate terms to determine whether the prosecutrix was of a previous unchaste character or whether a reasonable doubt on that subject was entertained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*