Morris Lusty v. The State.

No. 8445. Decided March 26, 1924.

Rehearing denied May 14, 1924.

1.—Rape—Evidence—Other Acts of Intercourse.

Where, upon trial of rape upon a female under age, the defendant relied upon his plea of not guilty he should have been permitted to impeach prosecutrix, by showing that others had had intercourse with her, although as a general rule where the female is under age previous relations with others are not material, but under the facts of the instant case, this testimony was material in explaining the condition in which the prosecutrix was found.

**2.—Same—Evidence—Impeaching Witness.**

Where, upon cross-examination, defendant propounded to the prosecutrix the question, "Did you not tell the witness in this courthouse yesterday that you were sorry you had told this tale on Morris Lusty?," to which the court sustained objections, the same was reversible error, under the facts of the instant case.

**3.—Same—Rule Stated—Declarations of Injured Party.**

The principle that declarations of an injured party made out of court which are in the nature of impeaching testimony may also become original tsetimony when their nature is such as to contradict the main facts relied upon by the State and proved by the injured party is exemplified by a number of decisions of this court. Following: Stewart v. State, 62 Texas Crim. Rep., 100, and other cases.

**4.—Same—Argument of Counsel—Practice on Appeal.**

Where the judgment is reversed and the cause remanded for other reasons, objection to the argument of the State's counsel may not be considered; however, it may be said that if the argument is not violative of the statutes it is a perilous one and should not be made.

**5.—Same—Rehearing—Previous Sexual Intercourse—Force.**

Where appellant again raised the objection that, the prosecutrix being under the age of consent, testimony as to her previous carnal knowledge of other than the accused could not have been admitted, held that the testimony for the State showing rape by force, it was admissible to show that she had had previous carnal intercourse with others.

Appeal from the District Court of San Saba. Tried below before the Honorable J. H. McLean.

Appeal from conviction of rape; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Mitch Johnson-Burney Braly,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, and *G. E. Christian,* District Attorney, for the State.

MORROW, Presiding Judge.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of twenty years.

The offense charged is rape upon a female under eighteen years of age. The facts show that Dora Robbins, the alleged injured female, was under fifteen years of age at the time of the alleged offense. Her testimony was to the effect that the act was accomplished by force. They were riding together in an automobile. According to her testimony, he crossed her hands and tied them together with a string, dragged her out of the car, took the seat out of it, held her with his left hand, laid her down on the seat, raised her dress and unbuttoned her bloomers, pulled them down to her feet and then

inserted his male organ in her privates. She weighed 121 pounds. After the occurrence they returned to her home. Her father and mother were present but were not informed by her until the following morning. She slept in her bloomers, which were stained with blood. She went to the funeral of a neighbor on the following day, and on the evening of that day, she told her mother. Previously she had told Mrs. Ellen Baxter. This occurred in the morning. She described the locality in which the act, according to her testimony, took place. According to the mother of the prosecutrix, she was at home when the appellant and her daughter returned about ten or eleven o'clock at night. She heard a conversation between them in which appellant told the prosecutrix to ''take her damned papers and get out.'' No conversation between the mother and daughter took place that night. The matter was not mentioned at the breakfast table on the following morning. The occurrence took place on the 19th of the month. The mother examined the underwear on the morning of the 21st. Her drawers were stained with blood. According to the testimony of the prosecutrix, her period was about a week before the occurrence; according to that of her mother, it was some three weeks before. There was much testimony on cross-examination of the prosecutrix and of witnesses tending to discredit her description of the route taken and the manner in which the transaction took place.

A number of bills of exception to the rulings of the court and various matters were taken. The testimony of the prosecutrix was to the effect that she had not previously had intercourse with any person. By several bills of exception complaint is made of the refusal of the trial court to permit the appellant to lay the predicate for impeachment of the prosecutrix by ascertaining from her if she had had carnal knowledge of several other persons, naming them. The position assumed by the appellant, both in the trial court and here, is that the prosecutrix had testified to the act of intercourse with the appellant and that she and her mother had testified to some circumstances going to show that she had had intercourse with no one else. The appellant relied upon his plea of not guilty, thereby putting in issue the fact that he had any illicit connection with the prosecutrix; that in such a state of the record it was competent to impeach the prosecutrix by showing that others had had intercourse with her. It is a general rule that in cases of rape where the subject of the offense is under the age of consent, previous relations with others are not material. Underhill on Crim. Ev., Sec. 621. This rule is subject to exceptions however. Instances are found in which the cirumstances render such evidence admissible as original testimony for the purpose of explaining the condition in which the prosecutrix was found, from a physical examination or otherwise, in a manner consistent with the innocence of the accused. State v. Perry (Minn.) 186 N. W. Rep., 310; 23 Amer. & Eng. Ency. of Law, 872; Bader v.

State, 57 Texas Crim. Rep., 295; Parker v. State, 62 Texas Crim. Rep., 64; King v. State, 96 Texas Crim. Rep., 157, 256 S. W. Rep., 267; Parks v. State, 92 Texas Crim. Rep., 59. When, from the testimony of the prosecutrix, it appears that she has had carnal knowledge of none except the appellant, the testimony in question may be received for the purpose of impeachment upon the laying of a proper predicate. State v. Kittle, 85 W. Va., 117; Nolen v. State, 88 S. W. Rep., 242; State v. Johnson, 28 Vt. Rep., 513; State v. Knight, (Cal.) 43 Pac. 6. It seems that in a case like the present, when the act of intercourse is not conceded, in which the State relies practically upon the testimony of the alleged subject of the rape alone, and her testimony introduced upon behalf of the State goes to a case of force and combats the idea of consent, that the usual tests of truth in other cases should obtain. Duncan v. State, 96 Texas Crim. Rep., 433, 258 S. W. Rep., 182. The proof of force tends to cause the jury to assess a high penalty, and when it is relied on by the State, the accused should be permitted to combat by the evidence usual in force cases. Under the facts shown by the bill of exceptions, it is believed that the offer of impeachment by the means mentioned should not have been rejected. Miller v. State, 256 S. W. Rep., 598. •

On cross-examination appellant propounded to the prosecutrix the question: "Did you not tell the witness, Ellen Baxter, here in the courthouse on yesterday that you were sorry you had told this tale on Morris Lusty?" Objection was made that it was improper, irrelevant, incompetent and immaterial. Appellant explained that he desired an answer to the question; that if the prosecutrix admitted it, it would tend to discredit her testimony touching the occurrence, but if she denied it, he expected to contradict her by the witness Baxter, who was present and thereby impeach her credibility. The court sustained the objection and warned counsel for the appellant that the witness Baxter would not be permitted to testify to such a statement made by the prosecutrix. Error is predicated. The declaration imputed to the prosecutrix would have been not only impeaching in the sense that it would tend to affect her credibility, but was in its nature contradictory of her evidence given upon the trial. It was the position of the defense that the transaction related by the prosecutrix did not occur. The State relied almost exclusively upon her testimony. Her declaration carrying the inference that her story was not true was a relevant and material fact. In cases of this character, statements of the prosecutrix out of court conflicting with her testimony to the main fact upon trial has been regarded not only as impeaching testimony but in some instances receivable as original evidence. This rule was applied in Tull's case, 55 S. W. Rep., 61, to the declaration of the mother of the prosecutrix who had testified upon the trial that the age of the prosecutrix was under fifteen years. Her declaration to the contrary, made out of court, was held material. In

Foreman's case, 61 Texas Crim. Rep., 56, 134 S. W. Rep., 229, a rape case, the declaration of the prosecutrix out of court, contradictory of her testimony given upon the trial in support of the main fact was held receivable not only for the purpose of impeachment but as original testimony. Analogous cases are Eppison v. State, 82 Texas Crim. Rep., 364; Blair v. State, 56 S. W. Rep., 622; Draper v. State, 57 S. W. Rep., 656. The principle that declarations of an injured party made out of court which are in the nature of impeaching testimony may also become original testimony when their nature is such as to contradict the main fact relied upon by the State and proved by the injured party, is exemplified by a number of decisions of this court. Stewart v. State, 52 Texas Crim. Rep., 100; Cockrell v. State, 60 Texas Crim. Rep., 124; Collins v. State, 66 Texas Crim. Rep., 602, 148 S. W. Rep., 1069; Rushing v. State, 62 Texas Crim. Rep., 309.

The District Attorney, in his argument, used this language: "Gentlemen of the Jury: I wish that, in this day of great scientific inventions some one would invent some instrument or device which we could turn on to the mind and heart of the defendant in cases like this; some kind of a searchlight by which we could discover what is in his mind and heart; something that would penetrate with a ray of light, his mind and heart in order that the jury might see the word guilty written there."

Objection was made and overruled by the court. The appellant did not testify in his own behalf. The State's Attorney appearing before this court expresses the opinion that the remarks were violative of the statute forbidding the comment upon the silence of the accused on trial. Art. 790, C. C. P. Inasmuch as the case is to be reversed upon other grounds, and assuming that the same argument will not be made upon another trial, an expression of the opinion of this court on the question raised is not deemed necessary. It will be said, however, that if the argument is not violative of the statute, it is a perilous one, and one that should not be made.

For the reasons stated above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

May 14, 1924.

LATTIMORE, JUDGE.—The State files a strong motion for rehearing and cites many authorities on the proposition that it is not permissible to prove, except in certain cases not applicable here, that the prosecutrix being under the age of consent, had had previous carnal knowledge of others than the accused. We have again reviewed the matter and are confirmed in our opinion that in a case such as this such testimony would be admissible. While the allegation in the in-

dictment is of rape of a girl under the age of consent, the testimony for the State all relates to a rape by force. We have no doubt at all of the soundness of the proposition that the natural disposition of a jury in such case would ordinarily be to inflict a heavier penalty than would be given in a case where the carnal knowledge was upon consent and agreement of the parties. The prosecutrix in this case having testified that she was forcibly raped, and that she resisted and cried and tried to prevent the act, we would think it admissible to prove that she had been carnally known by others than the accused prior to the occurrence charged, if for no other reason save as affecting the issue of consent and in mitigation of the penalty. We think our conclusion in regard to the declaration of prosecutrix to the effect that she was sorry she had told the tale upon appellant, also sound.

*Overruled.*