## Roy Duty v. The State.

No. 13303.   Delivered March 5, 1930.
Reported in 25 S. W. (2d) 834.

The opinion states the case.

*Baskett & De Lee* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment confinement in the penitentiary for twenty-five years.

It was undisputed that prosecutrix, Mary Ellen Tompkins, and appellant had an act of sexual intercourse in a room in appellant's boarding house.   Prosecutrix was under fifteen and appellant was twenty-one years of age.   Prosecutrix was large for her age, weighing 103 pounds.   According to the version of prosecutrix, she was passing the door of appellant's room when he put his arms around her and pulled her inside.   He locked the door, pushed prosecutrix down on the bed, told her he would choke her if she hollered and had sexual intercourse with her.   She testified that she immediately went home and told her mother of the occurrence.   The mother of prosecutrix testified that her daughter immediately reported the matter to her.   She said that her daughter was pale and had been crying at the time she told her about the matter.   Appellant admitted that he had intercourse with prosecutrix.   He testified that prosecutrix went into the room and called to him to follow her; that she asked him to have intercourse with her; that he asked her how old she

was; that she said she was sixteen years old; that he asked her if she had ever had intercourse with any other men; that she replied that she had, naming her uncle; that prosecutrix pulled her clothes off and he had intercourse with her with her consent; that he did not threaten to choke her, and used no force. Further, appellant testified that he had on a few occasions had sexual relations with the mother of prosecutrix.

It is disclosed by bill of exception No. 2 that prosecutrix testified on cross-examination that she went to see Dr. Thaxton approximately two weeks before the act of intercourse with appellant. After she had made this statement, appellant offered to prove by the witness that she had been having sexual intercourse with another man for several months; and that she had not had her menstrual sickness for about eight weeks and had gone with her mother to see Dr. Thaxton for the purpose of determining whether or not she was pregnant. On objection by the state, the court refused to permit the witness to give the testimony. The bill recites that she would have given the testimony sought to be elicited. In the state of the record, we are of the opinion that it was proper for appellant to show that prosecutrix had had sexual intercourse with a man other than appellant. According to the testimony of prosecutrix, appellant had threatened to choke her when he sought to have carnal knowledge of her. In short, it was her version that appellant accomplished his purpose by threats and the exercise of force. She said that she immediately left the house and reported the matter to her mother. Her mother testified that she was pale and had been crying. According to appellant's version, she asked him to come into the room and there voluntarily had intercourse with him. Where threats and force are in evidence a jury would ordinarily inflict a heavier penalty than would be assessed in a case where the injured party had agreed to the act of intercourse. It is the general rule that in cases of rape, where the subject of the offense is under the age of consent, previous relations with others are not material. Lusty v. State, 261 S. W. 775. There are recognized exceptions to this rule. In the case of Lusty v. State, supra, the injured party was under fifteen years of age. She testified that the act of intercourse was had without her consent, and that she was forcibly raped. The appellant offered to prove that she had had previous acts of intercourse with other named men. This testimony was rejected. This court held that it should have been received. We quote the language of Judge Lattimore as follows:

"The state files a strong motion for rehearing, and cites many authorities on the proposition that it is not permissible to prove, except in certain cases not applicable here, that the prosecutrix, being under the age of consent, had had previous carnal knowledge of others than the accused. We have again reviewed the matter, and are confirmed in our opinion that in a case such as this such testimony would be admissible. While the allegation in the indictment is of rape of a girl under the age of consent, the testimony for the state all relates to a rape by force. We have no doubt at all of the soundness of the proposition that the natural disposition of a jury in such case would ordinarily be to inflict a heavier penalty than would be given in a case where the carnal knowledge was upon consent and agreement of the parties. The prosecutrix in this case having testified that she was forcibly raped, and that she resisted and cried, and tried to prevent the act, we would think it admissible to prove that she had been carnally known by others than the accused prior to the occurrence charged, if for no other reason save as affecting the issue of consent and in mitigation of the penalty."

Many witnesses testified that appellant's general reputation for being peaceable and law-abiding was good. He had had steady employment in the same business from the time he was sixteen years old up until the date of his trial. He made application for a suspended sentence. Viewing the entire record, it would be hard to say that a penalty twenty years in excess of the minimum would have been assessed by the jury had prosecutrix been permitted to testify that she had previously been carnally known by a man other than appellant. We are constrained to hold that, under the facts of this case, the rejection of the testimony in question constituted reversible error.

Appellant offered to prove by one of his witnesses that as prosecutrix and appellant came from the room where they had had the act of sexual intercourse the landlady upbraided them for having locked themselves in the room, and that upon being upbraided by the landlady, prosecutrix broke into tears and went home. We think the learned trial judge fell into error in refusing to permit appellant to make this proof. Prosecutrix and her mother had testified to facts tending to show that prosecutrix had been raped by force and threats and that she had been crying and was pale when she reported the matter to her mother. The fact that the scolding received at the hands of the landlady caused prosecutrix to cry tended to break the force of the testimony of herself and mother

to the effect that she had been forcibly outraged. In view of the penalty assessed against appellant, the rejection of this testimony constitutes reversible error.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.