**Billy Gene MASSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42225.**

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

Rehearing Denied Dec. 10, 1969.

· Calvin W. Wesch, Dist. Atty., Grover Swift, County Atty., Kermit, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is rape; the punishment, 10 years.

The indictment contained two counts. The first count, upon which the case was submitted to the jury, alleged that appellant, on or about June 10, 1968, made an assault in and upon the prosecutrix named therein, a female under 18 years of age, and did ravish and have carnal knowledge of said female, she not being his wife.

The second count alleged that on or about said date appellant did unlawfully and incestuously carnally know and have carnal knowledge of said named female who was his daughter.

The trial court did not err in overruling appellant's motion to quash the indictment by reason of the fact that it contained allegation of the commission of the offense of incest and of rape by force, in addition to the offense of statutory rape. Vannerson v. State, Tex.Cr.App., 408 S.W.2d 228.

By pre-trial motion the state obtained an order directing counsel for the defense not to mention or allude to certain matters in the jury's presence without first taking such matter up in the jury's absence. The matters so restricted include the following:

"(1) Reference to or evidence that (Prosecutrix) had or may have had prior or subsequent intercourse with others than the defendant for the reason that the same would not be admissible in evidence because (Prosecutrix) is under the age of fifteen years."

"(3) Reference to or evidence of no outcry as that term is defined in law

Robert Scogin and Glen Williamson, Kermit, for appellant.

for the reason that same would not be admissible in evidence because (Prosecutrix) is under the age of fifteen years."

"(5) Reference to or evidence of testimony bearing on the reputation of (Prosecutrix) for unchastity, if any, or her general character or reputation for the reason that same would not be admissible in evidence because (Prosecutrix) is under the age of fifteen years."

"(10) Reference to or evidence of the condition or the lack or presence of the garments or under garments of (Prosecutrix) for the reason that same would not be admissible in evidence because such evidence is irrevelant, immaterial and incompetent and would be highly prejudicial and because (Prosecutrix) is under the age of fifteen years."

Several of appellant's grounds of error relate to the granting of said state's motion to suppress and to rulings of the court during the trial that were consistent therewith.

■ The undisputed evidence shows that the prosecutrix was under fifteen years of age and was not the wife of appellant, but was his daughter.

Proof by the state that appellant had sexual relations with the prosecutrix was all the additional evidence required to sustain a conviction for the offense of rape submitted to the jury in the court's charge.

At the trial, an issue of fact was raised as to whether there was an act of sexual intercourse between the appellant and the 14 year old prosecutrix who was his daughter. Her testimony was that while she was alone with appellant on the afternoon of June 10, 1968, he picked her up and carried her into the adjoining room and put her down on the bed; * * * "He accaused me of doing it before and he was going to do it," and proceeded to forcibly rape her. She further testified that appellant was holding her down and had sexual intercourse with her and that it was painful at the time, and that she was fighting him and trying to get away from him when they were in the bedroom.

Appellant testified that he was not at his home at the time he, according to the prosecutrix, had sexual intercourse with her, and denied under oath that he had ever molested his daughter or had sexual relations with her.

The prosecutrix made no report or outcry of the matter for six and a half days. Then she told her boy friend and asked him not to tell.

In her testimony in the jury's absence, during the trial, and by deposition taken before the trial, the prosecutrix testified that she had never had an act of intercourse except that which she testified was forced upon her by her father (appellant) on June 10, 1968. The state did not see fit to offer this testimony before the jury.

The state offered evidence to the effect that the prosecutrix was taken to the hospital by her mother and her boy friend shortly after she reported that her father had molested her six days before, and after being examined by Dr. Tekell, the County Attorney was notified and complaint was filed.

Though his deposition had been taken and filed and he had been subpoenaed and listed as a state's witness, Dr. Tekell was not called to testify by the state.

■ Appellant called Dr. Tekell as a witness and offered the testimony of other expert witnesses to the effect that it was most unlikely that male sperm found in the vagina of a female six and a half days after a claimed act of intercourse was the result of that act and not a more recent act of intercourse.

To refute the facts and circumstances tending to establish an act of intercourse it

became material for the appellant to prove, if he could, that the prosecutrix had sexual relations with her boy friend, or some person other than her father, and that the presence of male sperm was not on account of her alleged intercourse with her father six and a half days before she was examined. See Bice v. State, 37 Tex.Cr.R. 38, 38 S.W. 803.

The rule relied on by the state regarding proof of acts of sexual intercourse with others where the female is under the age of 15 years is not applicable under the facts.

One of the exceptions to such rule is where the state's evidence is to the effect that the act was accomplished by force, though the indictment charges rape of a female under 18 years of age and the injured female is under fifteen. Lusty v. State, 97 Tex.Cr.R. 167, 261 S.W. 775.

The rule and the exception are well stated in the following quotations from Lusty v. State, supra (p. 776–777).

"It is a general rule that in cases of rape, where the subject of the offense is under the age of consent, previous relations with others are not material. Underhill on Crim. Ev. § 621. This rule is subject to exceptions, however. Instances are found in which the circumstances render such evidence admissible as original testimony for the purpose of explaining the condition in which the prosecutrix was found, from a physical examination or otherwise, in a manner consistent with the innocence of the accused. State v. Perry, 151 Minn. 217, 186 N.W. 310; 23 Amer. & Eng.Ency. of Law, 872; Bader v. State, 57 Tex.Cr.R. 293, 122 S.W. 555; Parker v. State, 62 Tex.Cr.R. 64, 136 S.W. 453; King v. State, 96 Tex.Cr.R. 157, 256 S.W. 267; Parks v. State, 92 Tex.Cr.R. 59, 241 S.W. 1015. When, from the testimony of the prosecutrix, it appears that she has had carnal knowledge of none except the appellant, the testimony in question may be received for the purpose of impeachment upon the laying of a proper predi-

cate. State v. Kittle, 85 W.Va. 116, 117, 101 S.E. 70; Nolan v. State, 48 Tex.Cr. R. 436, 88 S.W. 242; State v. Johnson, 28 Vt. 512, 513; People v. Knight, 5 Cal. Unrep. 231, 43 Pac. 6. It seems that, in a case like the present, when the act of intercourse is not conceded, in which the state relies practically upon the testimony of the alleged subject of the rape alone, and her testimony introduced upon behalf of the state goes to a case of force, and combats the idea of consent, the usual tests of truth in other cases should obtain. Duncan v. State, 96 Tex.Cr.R. 433, 258 S.W. 182. The proof of force—ends to cause the jury to assess a high penalty, and when it is relied on by the state the accused should be permitted to combat by the evidence usual in force cases. Under the facts shown by the bill of exceptions, it is believed that the offer of impeachment by the means mentioned should not have been rejected. Miller v. State, 98 Tex.Cr.R. 525, 256 S.W. 598."

On motion for rehearing:

"The state files a strong motion for rehearing, and cites many authorities on the proposition that it is not permissible to prove, except in certain cases not applicable here, that the prosecutrix, being under the age of consent, had had previous carnal knowledge of others than the accused. We have again reviewed the matter, and are confirmed in our opinion that in a case such as this such testimony would be admissible. While the allegation in the indictment is of rape of a girl under the age of consent, the testimony for the state all relates to a rape by force. We have no doubt at all of the soundness of the proposition that the natural disposition of a jury in such case would ordinarily be to inflict a heavier penalty than would be given in a case where the carnal knowledge was upon consent and agreement of the parties. The prosecutrix in this case having testified that she was forcibly raped, and that she resisted and cried, and tried to prevent the act, we would think it admis-

sible to prove that she had been carnally known by others than the accused prior to the occurrence charged, if for no other reason save as affecting the issue of consent and in mitigation of the penalty."

See also Graham v. State, 125 Tex.Cr.R. 210, 67 S.W.2d 296 (holding that where there is proof by the state that the private parts of the female show that she has been carnally used the accused "may show that such condition could have resulted from the acts of others"). See also Duty v. State, 114 Tex.Cr.R. 420, 25 S.W.2d 834.

The judgment is reversed and the cause remanded.