## LUTHER GULLEY V. THE STATE.

No. 18356.   Delivered May 13, 1936.

The opinion states the case.

*J. A. Collier* and *Edwin Coopman,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for ten years.

Appellant was convicted under a count in the indictment charging, in substance, that on the 3rd of March, 1935, he had carnal knowledge of Edna Atkinson, a female under the age of 18 years, she not being appellant's wife.

At the time of the alleged commission of the offense prosecutrix lacked approximately twenty nine days of being sixteen years of age. She and appellant had been keeping company for some time. According to her testimony, when she rode with appellant in his automobile she knew that it was his pur-

pose to have sexual relations with her. After stopping his automobile, appellant fondled her person and removed her underwear. She was sitting on the car seat and adjusted her person for him. She testified, in part, as follows: "I told him I wouldn't engage in the act unless he put a rubber on. Yes, sure, I knew what they were." She testified, further, that appellant used a rubber; that he produced a bottle of vaseline; that she put some of the vaseline in her female organ. Again, her testimony was to the effect that appellant had an act of sexual intercourse with her. She said that it was the first time she had had sexual relations.

Testifying in his own behalf, appellant admitted that he had gone with prosecutrix for the purpose of having an act of intercourse with her. However, it was his version that he was unable to penetrate her on account of her position in the car. Again, he testified that prosecutrix told him that she had had prior sexual relations with one of her cousins.

In his motion for new trial appellant alleged newly discovered evidence. The testimony heard on the motion was to the effect that prosecutrix and Lucile Smith, the newly discovered witness, were good friends; that shortly after the alleged act of intercourse with appellant prosecutrix stated to the witness that, prior to having relations with appellant, she had engaged in an act of sexual intercourse with one of her cousins. Lucile Smith was present in the court when one of counsel for appellant stated in argument that prosecutrix associated with her and that she was immoral. Mrs. M. A. George, wife of one of the jurors, was in the court room. When this argument was made she saw Lucile Smith leave the court room, crying. She later saw her outside and talked to her. She (Lucile Smith) told her that prosecutrix had been out with her cousin before she ever had relations with appellant. When the jury returned a verdict Mrs. George told her husband what had occurred. He immediately called the matter to the attention of counsel for appellant. On the hearing of the motion, Lucile Smith testified that prosecutrix had stated to her that she had had previous carnal relations with her cousin. Further, she testified that she had not told appellant or any other person about the matter until she had talked to Mrs. George. We deem the diligence sufficient.

Prosecutrix was between fifteen and eighteen years of age, and an acquittal would have followed if the jury had concluded that she was of previous unchaste character. The issue of previous unchastity was submitted to the jury in the charge of

the court. The testimony of Lucile Smith was material and admissible as original testimony. In Wright v. State, 1 S. W. (2d) 1095, the conviction was for rape of a girl between fifteen and eighteen years of age. Wright offered to prove by one of his witnesses that prosecutrix had made statements to her which had the effect of showing that she was of previous unchaste character. No predicate had been laid for introducing the testimony for the purpose of impeachment, and the trial court excluded it. In holding that such action constituted reversible error, this court used language as follows:

"It has been said that the burden is on the defendant under this statute to raise by evidence a reasonable doubt of the chastity of the female alleged to have been raped. Miller v. State, 96 Texas Crim. Rep., 133, 256 S. W., 598; Simpson v. State, 93 Texas Crim. Rep., 303, 247 S. W., 548. This may be done by proof of circumstances as well as by direct evidence. A plea of not guilty puts her lack of chastity in issue. Certainly she would know of her own unchaste acts better than any other person. Her declarations and admissions throwing light upon this important and controlling issue ought to be evidence of strong probative force, and we perceive no reason for excluding it. It tends directly to prove the main issue, and therefore is receivable as original, though it is also admissible as impeaching evidence."

In the light of the record, we are of opinion that the trial court committed reversible error in overruling the motion for a new trial.

We think that upon another trial the letter prosecutrix addressed to appellant should be received in evidence. It contained statements tending to contradict her testimony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.