NO. 07-99-0164-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 7, 2002


______________________________



MICHAEL VICTOR MILLER, RALPH FIELDS NORWOOD, III


and BURGERS OF DIAMOND BAR,



 Appellants


v.


HUDSON'S GRILL INTERNATIONAL, INC.,



 Appellee

_________________________________



FROM THE 101st DISTRICT COURT OF DALLAS COUNTY;



NO. 98-4455-E; HON. JOHN WHITTINGTON, PRESIDING


_______________________________



ORDER OF DISMISSAL


________________________________



Before BOYD, C.J., QUINN and REAVIS, JJ. 

 Michael Victor Miller, Ralph Fields Norwood, III, and Burgers of Diamond Bar
appealed a default judgment entered in favor of Hudson's Grill International, Inc. 
Thereafter, the appeal was abated when the court received notice that each appellant had
filed for bankruptcy. Recently, counsel for appellants provided the court with evidence
illustrating that Miller and Burgers of Diamond Bar received a discharge in bankruptcy
encompassing the debt represented by the aforementioned judgment. Hudson Grill
International, Inc. did not dispute this. Their debt having been discharged, the appeal of
Miller and Burgers of Diamond Bar is moot and, therefore dismissed. Furthermore, the
cause is reinstated upon the court's docket solely to effectuate that purpose but again
abated until the status of Norwood's bankruptcy can be determined.

 It is so ordered.


 Per Curiam


Do not publish.



an apprehended appellant behind a neighbor's house
adjacent to complainant's.

 Complainant testified she turned on her bath water, undressed in the bathroom, and
took her clothes to the laundry room. She then walked to her mother's room to answer the
telephone before returning to the bathroom to take a bath. According to complainant, she
bathed for approximately an hour. 

 Officer Jordan testified he was dispatched to investigate a burglary in progress. 
According to his testimony, he drove down the alley with the headlights and parking lights
turned off and observed appellant exiting complainant's backyard and walking toward his
patrol car. Jordan was of the opinion that appellant was unaware of his presence and was
walking at a normal pace while looking back in the direction of complainant's house. When
Jordan was close enough, he turned on his headlights, stopped the patrol car and exited,
and instructed appellant to get down on the ground. After handcuffing appellant, Jordan
conducted a protective frisk and discovered an open jar of petroleum jelly in appellant's
pocket. The officer also noticed that appellant was wearing camouflage pants that were
unbuttoned and unzipped. 

 Appellant's sole contention is that the evidence is legally and factually insufficient
to support his conviction for attempted burglary of a habitation with intent to commit sexual
assault. We agree. When both the legal and factual sufficiency of the evidence are
challenged, we must first determine whether the evidence is legally sufficient to support the
verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule
of criminal law that one cannot be convicted of a crime unless it is shown beyond a
reasonable doubt that the defendant committed each element of the alleged offense. U.S.
Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen.
Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we examine the
verdict, after viewing the evidence in the light most favorable to the prosecution, to
determine whether any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App.
1991), overruled on other grounds, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App.
2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the
jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of
evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). The standard of
review is the same for direct and circumstantial evidence cases. Butler v. State, 769
S.W.2d 234, 238 (Tex.Cr.App. 1989), overruled on other grounds, Geesa, 820 S.W.2d at
161.

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. As an appellate court, we view all
the evidence without the prism of "in the light most favorable to the prosecution" and set
aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). It is
the exclusive province of the jury to determine the credibility of the witnesses and the
weight to be given their testimony, and unless the record clearly demonstrates a different
result is appropriate, we must defer to the jury's determination. Id. at 8. 

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove. A
person attempts an offense if he commits an act amounting to more than mere preparation
that tends but fails to effect the commission of the offense intended. Tex. Pen. Code Ann.
§ 15.01(a) (Vernon 2003). Burglary requires a person to enter a habitation without the
effective consent of the owner with intent to commit a felony, theft, or an assault. §
30.02(a)(1). A person commits sexual assault if he intentionally or knowingly:

 (A) causes the penetration of the anus or female sexual organ of another
person by any means, without that person's consent;

 (B) causes the penetration of the mouth of another person by the sexual
organ of the actor, without that person's consent; or

 (C) causes the sexual organ of another person, without that person's
consent, to contact or penetrate the mouth, anus, or sexual organ of another
person, including the actor . . . .


§ 22.011(a)(1). Intent may be inferred from an accused's acts, words, and conduct. 
DeLeon v. State, 77 S.W.3d 300, 312 (Tex.App.-Austin 2001, pet. ref'd). In circumstantial
evidence cases it is not necessary that every fact point directly and independently to the
accused's guilt; rather, it is enough if the conclusion is warranted by the combined and
cumulative force of all the incriminating circumstances. Johnson v. State, 871 S.W.2d 183,
186 (Tex.Cr.App. 1993), cert. denied, 511 U.S. 1046, 114 S.Ct. 1579, 128 L.Ed.2d 222
(1994); Armstrong v. State, 958 S.W.2d 278, 283 (Tex.App.--Amarillo 1997, pet. ref'd).

 The State established appellant was in complainant's backyard without permission
and was peeping through more than one window. The arresting officer testified appellant
possessed an open jar of petroleum jelly in his pocket and that his camouflage pants were
unbuttoned and unzipped. Complainant and her mother testified the window to
complainant's room showed new damage because the bottom right corner of the screen
was pulled up, and the latch hook was missing. Complainant also testified she had seen
appellant before when she and her friends were walking to a nearby grocery store and
noticed appellant following them. She explained that when she turned back to look he
stopped and she did not see him again. However, the State did not establish a time frame
between that occurrence and the incident on January 6.

 Officer Jordan testified he was not trained in crime scene investigation and that
other officers present were also inexperienced in crime scene investigation. He estimated
he was at the scene for 30 minutes; however, no photographs, fingerprints, footprints, or
measurements were taken. He further testified neither he nor his fellow officers found any
weapons or tools on appellant.

 Complainant testified that while she was bathing she did not hear anything outside
the window. She further testified she did not see appellant at any of her windows nor
elsewhere, nor did she witness him attempt to pull the screen away from the window. 
According to complainant, she inspected her window every other day when taking out the
trash and acknowledged the window was locked on the night of the incident and very
difficult to open.

 The defense established the window screen was old and dark from rust, and the
window frame was broken. No evidence was presented that appellant pulled up the screen
or caused any damage to the window. (2) In fact, the only eye witness, Reyna, testified on
direct and redirect examination as follows:

 Q. Whenever you saw [defendant] there at that point, what was he doing?

 A. Just peeping through the window.

* * *


 Q. And as you went by that location, what did you believe the Defendant to
be doing?

 A. Just peeking through the window.


 Referencing the record, in its brief the State notes appellant was "clothed in
camouflage pants, which are typically worn when one does not want to be seen." However
the portion of the record referenced is Officer Jordan's following testimony:

 Q. For instance, do you remember what kind of pants this suspect was
wearing?

 A. I do remember that. He was wearing camouflage BDU's, I believe.


There is no evidence by Officer Jordan or any other witness establishing that camouflage
pants are "worn when one does not want to be seen." Moreover, the State did not argue
to the jury, as it does on appeal, that they could reasonably deduce that camouflage
clothing is worn by persons who do not want to be seen.

 The State also contends it was reasonable for a jury to conclude appellant had a
"sexual interest" in complainant because he had previously followed her while she was
walking to a grocery store. However, no evidence was presented of any acts, conduct, or
words by appellant to indicate he was sexually interested in complainant. 

 In support of its final contention that the evidence is sufficient to support appellant's
conviction, the State relies on the open jar of petroleum jelly found in appellant's pocket
to prove his intent to commit sexual assault. The State cites six cases in which petroleum
jelly was used during sexual crimes; however, all six cases are distinguishable:

 Sledge v. State, 953 S.W.2d 253 (Tex.Cr.App. 1997)-a conviction for
aggravated sexual assault and indecency with a child in which the dissenting
opinion discusses extraneous offenses, specifically an instance where the
complainant recalled that defendant rubbed her anus with vaseline and
penetrated her;

 Jones v. State, 582 S.W.2d 129 (Tex.Cr.App. 1979)-a murder conviction
resulting from injuries sustained during a violent sexual assault ;

 Mulvehill v. State, 130 Tex.Crim. 335, 395 S.W.2d 647 (1965)-a conviction
for indecent exposure to a minor where the defendant used vaseline to
grease his penis and place it in the minor's "behind";

 Gulley v. State, 94 S.W.2d 461 (Tex.Cr.App. 1936)-a rape conviction
involving an underage female who rode with the defendant in his automobile
and testified that she consented to engage in sexual relations if the
defendant wore a "rubber" and she placed vaseline on her female organ;

 Ford v. State, 908 S.W.2d 32 (Tex.App.-Fort Worth 1995, pet. ref'd)-a
conviction for aggravated sexual assault of an eight-year-old boy whom the
defendant instructed to get vaseline for the defendant to put on his own
penis before penetrating the boy anally; and

 Gaudette v. State, 713 S.W.2d 206 (Tex.App.-Tyler 1986, pet. ref'd)-a
conviction for aggravated sexual assault and aggravated kidnapping of a
minor where a jar of vaseline was found in the defendant's jacket, but without
any mention that the vaseline was used in the commission of the sexual
assault.


Five of the cases relied upon by the State involve sexual acts against minors and the sixth
case was a prosecution for murder resulting from a heinous rape from which the victim
sustained fatal injuries. Moreover, no evidence was introduced regarding the amount of
petroleum jelly in the jar, if any. The State does not cite, and we have been unable to find
any cases holding that possession of a jar of petroleum jelly under the circumstances
presented here is sufficient to support a conviction for attempted sexual assault, and we
decline to so hold. (3)

 Additionally, when Officer Jordan first observed appellant, he was leaving
complainant's backyard and walking down the alley at a normal pace. In summing up the
evidence, the State argued in its closing:

 He comes to her house in camouflage, walks through her fence back and
forth, back and forth, looking in windows until he finds the exact window that
he wants to stand at, the window he has the best view. Hand up, looking in
the window, the other one down by his pants.

 He gratifies himself, what he wants to do, satisfies himself.


 The record does not establish appellant committed an act amounting to more than
mere preparation with the intention to enter complainant's house to commit sexual assault.
Proof of a culpable mental state generally relies upon circumstantial evidence and may be
inferred from the circumstances under which the prohibited act occurred. Dillon v. State,
574 S.W.2d 92, 94 (Tex.Cr.App. 1978); Steinbach v. State, 979 S.W.2d 836, 842
(Tex.App.-Austin 1998, pet. ref'd). However, the circumstances in the underlying case do
not establish that through his acts, words, or conduct, appellant had the requisite intent to
enter complainant's house to commit sexual assault. Thus, viewing the foregoing evidence
in the light most favorable to the prosecution, we conclude it is insufficient for a rational
trier of fact to have found beyond a reasonable doubt the elements of the charged offense. 
Accordingly, we hold the evidence is legally insufficient to support a conviction for
attempted burglary of a habitation with intent to commit sexual assault. Having done so,
we need not conduct a factual sufficiency review. Appellant's sole issue is sustained.

 We must now determine whether the evidence is sufficient to support a conviction
for the lesser included offense of criminal trespass. See Collier v. State, 999 S.W.2d 779,
782 (Tex.Cr.App. 1999) (en banc) (holding that a court of appeals may reform a judgment
of conviction to reflect conviction of a lesser included offense only if (1) the court finds that
the evidence is insufficient to support conviction of the charged offense but sufficient to
support conviction of the lesser included offense, and (2) the jury was instructed on the
lesser included offense). A person commits criminal trespass if he remains on property 
. . . without the effective consent of the owner and had notice that the entry was forbidden. 
§ 30.05(a)(1). Notice means fencing or other enclosure obviously designed to exclude
intruders . . . . § 30.05(b)(2)(B).

 Reyna testified complainant's backyard was enclosed by a fence, and he observed
appellant walking back and forth in the yard. Officer Jordan testified he observed appellant
exiting that same backyard. Complainant and her mother both testified that appellant did
not have permission to be in their yard or on their property. We conclude the evidence was
sufficient to show appellant had notice that entry onto complainant's property was
forbidden and that he remained there without their consent. Thus, the evidence is
sufficient to support a conviction for criminal trespass. 

 Accordingly, the judgment for attempted burglary of a habitation with intent to
commit sexual assault is reformed to reflect conviction for the lesser included offense of
criminal trespass and, as reformed, is affirmed; that portion of the judgment assessing
punishment for the second degree felony of attempted burglary of a habitation with intent
to commit sexual assault is reversed and the cause is remanded to the trial court for a new
punishment hearing for conviction of the Class B misdemeanor of criminal trespass.

 Don H. Reavis

 Justice


Do not publish.
1. Tex. R. App. P. 47.2(a).
2. See Perez v. State, 695 S.W.2d 51, 54 (Tex.App.-Corpus Christi 1985, no pet.)
(reversing a conviction for attempted burglary and ordering an acquittal because there was
no evidence to show beyond a reasonable doubt that the defendant was attempting to
enter a building where he used a metal rod to pry brackets that supported an air
conditioning unit built into the rear wall of a building).
3. Cf. Johnson v. State, 633 S.W.2d 888, 889 (Tex.Cr.App. 1982) (holding evidence
sufficient for attempted rape where the defendant held complainant from behind, pinned
her arms down, grabbed her private parts, put his hand under her shirt, and grabbed her
breast while saying "fuck" in a sensuous manner); Hackbarth v. State, 617 S.W.2d 944,
945 (Tex.Cr.App. 1981) (affirming an attempted rape conviction where the defendant
entered a laundromat and ripped at complainant's shirt, asked her to take her clothes off
while his partially erect penis was protruding from his unzipped pants, and attempted to
undo her pants); Walker v. State, 859 S.W.2d 566, 569 (Tex.App.-Waco 1993, pet. ref'd)
(holding evidence sufficient for attempted sexual assault because the defendant's actions
constituted more than mere preparation where he ripped the front of complainant's dress,
beat her, dragged her into an alley, and touched her in "a personal place"); Lindsey v.
State, 764 S.W.2d 376, 377 (Tex.App.-Texarkana 1989, no pet.) (affirming a conviction
for attempted sexual assault where complainant's stepfather, the defendant, fondled
complainant's breasts, stroked her vaginal area over her clothing, told her she was sexy,
stated he "ought to f-- her right then," and threatened to kill her if she told anyone).